ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
JENNIFER N. CARINGAL (286197)
JUAN CARLOS SANCHEZ (301834)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE BARSULI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> GOODRX HOLDINGS, INC., et al., <br><br> Defendants. | Case No. 2:24-cv-03282-AB-AJR <br><br> <u>CLASS ACTION</u> <br><br> MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL <br><br> DATE:  July 19, 2024 <br> TIME:  10:00 a.m. <br> CTRM:  7B <br> JUDGE:  Hon. Andre Birotte Jr. |

4853-4349-4858.v1

## I.    INTRODUCTION

Pending before the Court is a securities class action lawsuit on behalf of purchasers or acquirers of GoodRx Holdings, Inc. ("GoodRx" or the "Company") common stock between September 23, 2020, and November 8, 2022, inclusive (the "Class Period") seeking to pursue remedies under the Securities Exchange Act of 1934 ("Exchange Act").  In securities class actions such as this, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to "consider any motion made by a purported class member in response to the notice" and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Steven J. DiMichele should be appointed lead plaintiff because he filed a timely motion, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. DiMichele's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    FACTUAL BACKGROUND

GoodRx operates a price comparison platform for prescription drugs which, in many cases, offers consumers access to lower prices (through discount codes and coupons) for their medications.  GoodRx also generates a portion of its revenue from subscription plans like the "Kroger Rx Savings Club," which provides access to lower prescription prices at pharmacies operated by The Kroger Co.

The complaint alleges that throughout the Class Period, defendants made false and/or misleading statements and failed to disclose that: (i) while Kroger accounted for less than 5% of the pharmacies accepting GoodRx discounts, Kroger was responsible for nearly 25% of GoodRx's total prescription transactions revenue

- 1 -

4853-4349-4858.v1

(Kroger's primary revenue stream); and (ii) Kroger could unilaterally cease accepting GoodRx discounts, cutting off some or all of GoodRx's revenues for purchases at Kroger's pharmacies.

On May 9, 2022 GoodRx revealed that, late in the first quarter of 2022, "a grocery chain had taken actions that impacted acceptance of discounts from most [pharmacy benefit managers ("PBMs")] for a subset of drugs" and that this "impacted the acceptance of many PBM discounts for certain drugs at this grocer's stores" and that this disruption "could have an estimated revenue impact of roughly $30 million" in the second quarter of 2022 – resulting in the Company announcing disappointing second quarter 2022 revenue guidance of only about $190 million. ECF 1 at ¶4. GoodRx's Co-Chief Executive Officer, defendant Trevor Bezdek, also admitted that the use of GoodRx discounts at the "grocery chain" – which analysts and media outlets recognized as Kroger – were responsible for nearly 25% of GoodRx's prescription transactions revenue. On this news, the price of GoodRx common stock fell more than 25%.

Then, on November 8, 2022, GoodRx estimated that the "impact of the grocer issue on third quarter [prescription transactions revenue] was approximately $40 million" and that the Company expected "a combined $45 million to $50 million estimated impact to prescription transactions revenue" for the fourth quarter of 2022. ECF 1 at ¶7. Defendants further acknowledged that GoodRx was seeking to enter into contractual relationships with pharmacies to prevent similar disruptions from occurring in the future. On this news, the price of GoodRx common stock fell more than 22%, further damaging investors.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Mr. DiMichele and other putative class members have suffered significant losses and damages.

4853-4349-4858.v1

## III.    ARGUMENT

### A.    Mr. DiMichele Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on April 22, 2024 via *Business Wire*. *See* Declaration of Danielle S. Myers in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Myers Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa)    has either filed the complaint or made a motion in response to a notice . . .

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Mr. DiMichele meets these requirements and should therefore be appointed as Lead Plaintiff.

- 3 -

4853-4349-4858.v1

### 1.   This Motion Is Timely

The April 22, 2024 statutory notice published on *Business Wire* advised purported class members of the pendency of the action, the claims asserted, and the right to move the Court for appointment as lead plaintiff by June 21, 2024. *See* Myers Decl., Ex. A. Because Mr. DiMichele's motion has been timely filed, he is eligible for appointment as lead plaintiff.

### 2.   Mr. DiMichele Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. DiMichele purchased 1,000 shares of GoodRx common stock and suffered approximately $37,824 in losses as a result of defendants' alleged misconduct. *See* Myers Decl., Exs. B, C. To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Mr. DiMichele satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.   Mr. DiMichele Satisfies the Rule 23 Typicality and Adequacy Requirements

Next, the Court "must then focus its attention on [the plaintiff that has the largest financial interest] and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Schwartz v. Opus Bank*, 2017 WL 5468820, at *2 (C.D. Cal. Feb. 23, 2017) (citing *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)). "Claims are 'typical' under Rule 23 if they are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Id.* (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). The "'adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation.'" *Id.* (citation omitted).

Mr. DiMichele satisfies the typicality requirement because, like all other class members, he: (1) purchased GoodRx common stock during the relevant time period;

- 4 -

4853-4349-4858.v1

(2) was adversely affected by defendants' wrongful conduct; and (3) suffered damages thereby. Mr. DiMichele's substantial loss provides the requisite interest to ensure vigorous advocacy. Moreover, Mr. DiMichele's interests are aligned with the putative class. Mr. DiMichele has amply demonstrated his adequacy by signing a sworn Certification and Declaration stating that he is willing to serve as, and to assume the responsibilities of, class representative. *See* Myers Decl., Exs. B, D. Finally, as explained below, Mr. DiMichele has selected experienced and qualified counsel, further evidencing his ability to fairly and competently represent the interests of the putative class.

Because Mr. DiMichele filed a timely motion, has a significant financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

**B.  The Court Should Approve Mr. DiMichele's Selection of Counsel**

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, Mr. DiMichele has selected Robbins Geller.[1]

Robbins Geller, a 200-attorney nationwide law firm with offices in California, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g., In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal.

---

[1]  For a detailed description of proposed lead counsel's track record, resources, and attorneys, please see https://www.rgrdlaw.com. Paper copies of the Firm's resume is available upon the Court's request, if preferred.

- 5 -

2009) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature").  Notably, in the last four years alone, Robbins Geller recovered more than $5.3 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $809.5 million in *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as an in-District 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Based upon his counsel's extensive experience and proven track record in securities class actions, Mr. DiMichele's selection of counsel is reasonable and should be approved.

## IV.    CONCLUSION

Mr. DiMichele has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, Mr. DiMichele respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED:  June 21, 2024                         Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY


                              s/ Danielle S. Myers
                              DANIELLE S. MYERS

- 6 -

4853-4349-4858.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 7 -

4853-4349-4858.v1