**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
STACEY M. KAPLAN (Bar No. 241989)
skaplan@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Counsel for Proposed Lead Plaintiff City of
Bethlehem, as Trustee of the City of
Bethlehem Pension Fund, and Center for
Interventional Medicine, LLC, and Proposed
Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| LISA MARIE BARSULI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOODRX HOLDINGS, INC., DOUGLAS HIRSCH, TREVOR BEZDEK, and KARSTEN VOERMANN,<br><br>Defendants. | Case No. 2:24-cv-03282 AB(AJRx)<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**<br><br>Date:    July 19, 2024<br>Time:    10:00 a.m.<br>Courtroom: 7B<br>Judge:    Hon. André Birotte Jr.<br><br>ORAL ARGUMENT REQUESTED |

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS
CASE NO. 2:24-CV-03282 AB(AJRx)

# TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT ...................................................................... 1

II.  ARGUMENT ................................................................................................. 4

    A.   The Kalmanson Family Cannot Satisfy the Adequacy
        Requirement of Rule 23 ........................................................................ 5

    B.   Bethlehem and CIM Satisfy the PSLRA's Requirements
        and Are Entitled to Appointment as Lead Plaintiff ........................... 11

    C.   The Remaining Motions Should Be Denied ........................................ 14

III. CONCLUSION .............................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Allergan PLC Sec. Litig.*,
No. 18 Civ. 12089 (CM),
2020 WL 5796763 (S.D.N.Y. Sept. 29, 2020) ................................................ 4, 6, 9

*In re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*,
258 F.R.D. 260 (S.D.N.Y. 2009) ................................................................... 13

*Batter v. Hecla Mining Co.*,
Nos. 19-cv-4883 (ALC), *et al.*,
2020 WL 1444934 (S.D.N.Y. Mar. 25, 2020) ................................................ 8

*Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*,
582 U.S. 497 (2017) ................................................................................... 10

*Cavanaugh v. U.S. Dist. Ct. for N. Dist. of Cal.*,
306 F.3d 726 (9th Cir. 2002) .............................................................. *passim*

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) .......................................................... 2, 3, 5

*Crews v. Rivian Auto., Inc.*,
Nos. 2:22-cv-01524-RGK-Ex, *et al.*,
2022 WL 17883615 (C.D. Cal. July 1, 2022) .......................................... 12

*Erickson v. Snap, Inc.*,
No. 2:17-cv-03679-SVW-AGR,
2017 WL 11592635 (C.D. Cal. Sept. 18, 2017) ..................................... 4

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004) ........................................................ 5

*In re IMAX Sec. Litig.*,
272 F.R.D. 138 (S.D.N.Y. 2010) ......................................................... 10

*In re Kosmos Energy Ltd. Sec. Litig.*,
299 F.R.D. 133 (N.D. Tex. 2014) ........................................................ 6

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS
CASE NO. 2:24-CV-03282 AB(AJRx)                                                                      ii

*Lundy v. Ideanomics, Inc.*,
    No. 20 Civ. 4944 (GBD),
    2020 WL 7389027 (S.D.N.Y. Dec. 16, 2020) ........................................................ 10

*Mild v. PPG Indus., Inc.*,
    No. CV 18-04231-RGK,
    2018 WL 6930268 (C.D. Cal. Aug. 27, 2018) .................................................... 3, 5

*In re Monster Worldwide, Inc. Sec. Litig.*,
    251 F.R.D. 132 (S.D.N.Y. 2008) ......................................................................... 6

*Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*,
    Nos. 21-cv-08812-JST, *et al.*,
    2022 WL 3571995 (N.D. Cal. July 26, 2022) .................................................... 12

*Osorio-Franco v. Spectrum Pharms., Inc.*,
    No. 22-CV-10292 (VEC),
    2023 WL 2586909 (S.D.N.Y. Mar. 21, 2023) ..................................................... 8

*Schaffer v. Horizon Pharma Plc*,
    No. 16-CV-1763 (JMF),
    2016 WL 3566238 (S.D.N.Y. June 27, 2016) .................................................... 10

*In re Versata, Inc. Sec. Litig.*,
    Nos. C 01-1439 SI, *et al.*,
    2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) ................................................. 13

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................................1-2, 5

**Other Authorities**

Fed. R. Civ. P. 23(a)(4) ................................................................................................. 5

H.R. Conf. Rep. No. 104-369 (1995)
    *reprinted in* 1995 U.S.C.C.A.N. 730 ............................................................. 4, 13

Proposed Lead Plaintiff City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, ("Bethlehem") and Center for Interventional Medicine, LLC ("CIM"), by and through their counsel, respectfully submit this Memorandum of Points and Authorities in further support of their motion for appointment as Lead Plaintiff and approval of their selection of Lead Counsel for the class (ECF No. 25) and in opposition to competing lead plaintiff motions (ECF Nos. 17, 21, 30, 34, 38, 42).[1]

## I.    PRELIMINARY STATEMENT

On June 21, 2024, Bethlehem and CIM filed a timely motion under the PSLRA for an order: (1) appointing Bethlehem and CIM as Lead Plaintiff; (2) approving their selection of Kessler Topaz as Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.  In addition to Bethlehem and CIM's motion, motions seeking appointment as Lead Plaintiff were also filed by: Walter Frisbie (ECF No. 17); Rajeev Chowdhry (ECF No. 21); Steven J. DiMichele (ECF No. 30); Keith Puopolo (ECF No. 34); Betty Kalmanson, Lawrence Kalmanson, and Shawn Kalmanson (the "Kalmanson Family") (ECF No. 38); and Joel Greenberg (ECF No. 42).  Subsequently, notices of non-opposition to competing motions or notices of withdrawal of motion have been filed by Walter Frisbie (ECF No. 46 (notice of non-opposition)); Steven J. DiMichele (ECF No. 47 (notice withdrawing ECF No. 30)); Rajeev Chowdhry (ECF No. 48 (notice withdrawing ECF No. 21)); Keith Puopolo (ECF No. 50 (notice withdrawing ECF No. 34)); Joel Greenberg (ECF No. 51 (notice of non-opposition)).

Under the PSLRA, the "most adequate plaintiff"—the plaintiff entitled to appointment as lead plaintiff—is the movant or group of movants asserting the largest

---

[1]    Unless otherwise noted, all emphases are added, all internal citations and quotation marks are omitted, and all capitalized but undefined terms have the meanings ascribed in Bethlehem and CIM's opening memorandum of points and authorities (ECF No. 25-1).

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS
CASE NO. 2:24-CV-03282 AB(AJRx)                                                          1

financial interest that *also* makes a threshold showing of typicality and adequacy under Rule 23 and is not subject to unique defenses.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  If the movant "with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Cavanaugh v. U.S. Dist. Ct. for N. Dist. of Cal.*, 306 F.3d 726, 730 (9th Cir. 2002); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001).  The PSLRA "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by the class' satisfies the typicality and adequacy requirements." *Cendant*, 264 F.3d at 264.

Here, Bethlehem and CIM are the only movant entitled to appointment under the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  With losses of approximately $501,974.99 under a LIFO analysis in connection with their Class Period transactions in GoodRx common stock, Bethlehem and CIM possess the largest financial interest of any movant who is capable of satisfying the adequacy and typicality requirements of Rule 23.

While the Kalmanson Family claims a larger loss than Bethlehem and CIM, the Kalmanson Family suffers from disqualifying defects that render them inadequate, and require that their motion be rejected under the PSLRA.  Specifically, in connection with a prior putative class action brought *in this District* against GoodRx, the Kalmanson Family's motion for appointment as sole lead plaintiff (the same relief they are seeking here) was met with considerable skepticism by the Honorable David O. Carter.  *See generally Terenzini v. GoodRx Holdings, Inc., et al.*, No. 2:20-cv-11444-DOC(MARx) (C.D. Cal.) ("*GoodRx I*").  In *GoodRx I*, Judge Carter concluded at a hearing regarding the appointment of the lead plaintiff that, because of the conduct of the Kalmanson Family's selected counsel (the same counsel representing them here),

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS
CASE NO. 2:24-CV-03282 AB(AJRx)                                                    2

he was "not prepared at this time to move [forward] with [the Kalmanson Family's attorneys] as lead counsel in the matter."  Supplemental Declaration of Stacey M. Kaplan in Further Support of the Motion of City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, and Center for Interventional Medicine, LLC for Appointment as Lead Plaintiff and Approval of Selection of Counsel, and In Opposition to Competing Motions ("Kaplan Suppl. Decl."), Ex. B at 9.  Judge Carter was clear about his concerns, stating: "I'm quite certain now that there will minimally be another law firm involved because, when I choose lead counsel, you're representing an entire class" and "I have to tell you, after the last appearance, I *doubt seriously* that I will be appointing you solely, and your law firm solely, as lead counsel in the matter. Understood?"  *Id.* at 10.

As courts in this District and across the Country recognize, "[t]he adequacy requirement of Rule 23(a)(4) is satisfied if . . . *the representative has the ability to prosecute the action vigorously* through the services of competent counsel."  *Mild v. PPG Indus., Inc.*, No. CV 18-04231-RGK (JEMx), 2018 WL 6930268, at *2 (C.D. Cal. Aug. 27, 2018); *see also, e.g.*, *Cendant*, 264 F.3d at 265 ("one of the best ways for a court to ensure that [a prospective lead plaintiff] will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel").  Here, despite the clear concerns raised by Judge Carter, the Kalmanson Family, while ostensibly recognizing their obligation "to supervise counsel and undertake all actions necessary to ensure that the [c]lass's claims will be zealously and efficiently litigated," ECF No. 40-4, ¶ 6, have offered *no evidence* that they will, in fact, fulfill this obligation.  The Kalmanson Family is proposing to saddle this case with the exact same structure with nearly identical assurances as were rejected in *GoodRx I* and hoping for a different outcome. *Compare* ECF No. 40-4, ¶ 8, *with* Kaplan Suppl. Decl., Ex. C, ¶ 9.  The Kalmanson

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS
CASE NO. 2:24-CV-03282 AB(AJRx)                                        3

Family's superficial assurances about their commitment to oversee counsel is undermined by their performance in *GoodRx I*. *See, e.g.*, *In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM) (GWG), 2020 WL 5796763, at *6-9, *13 (S.D.N.Y. Sept. 29, 2020) (denying class certification and finding lead plaintiff inadequate where the lead plaintiff failed to effectively oversee class counsel). There is "no reason to subject the class to" the inadequacies of the Kalmanson Family "when a non-conflicted candidate for Lead Plaintiff is also before the Court." *Erickson v. Snap, Inc.*, No. 2:17-cv-03679-SVW-AGR, 2017 WL 11592635, at *4 (C.D. Cal. Sept. 18, 2017).

With the Kalmanson Family eliminated from consideration, Bethlehem and CIM assert the largest financial interest of any qualified movant (or former movants). As demonstrated in their opening memorandum of points and authorities and accompanying Joint Declaration, Bethlehem and CIM satisfy each of the requirements of Rule 23. *See* ECF Nos. 25-1 at 8-12, 25-5. Both have experience in overseeing their chosen counsel (Kessler Topaz) in successful investor litigation. Additionally, Bethlehem, as the only sophisticated institutional investor before the Court, is exactly the type of Lead Plaintiff that Congress sought to have managing securities class action lawsuits under the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("[I]ncreasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); ECF No. 25-5, ¶ 2 (stating that Bethlehem "has over $192 million in assets under management"). As such, Bethlehem and CIM respectfully request that the Court grant their motion in full.

## II.   ARGUMENT

Under the "straightforward" and "sequential" selection process mandated by the PSLRA, a movant's financial interest is only the starting point when evaluating a lead plaintiff movant, as the movant must also "satisf[y] the typicality and adequacy

requirements [before] he is entitled to lead plaintiff status." *Cavanaugh*, 306 F.3d at 732; *see also Cendant*, 264 F.3d at 267 ("If (for ***any reason***) the court determines that the movant with the largest losses cannot make a threshold showing of typicality or adequacy, then the court should . . . disqualify that movant from serving as lead plaintiff."). Critically, the PSLRA "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by the class' satisfies the typicality and adequacy requirements." *Cendant*, 264 F.3d at 264. Thus, "[i]f the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Cavanaugh*, 306 F.3d at 730. Bethlehem and CIM are the only movant meeting all elements for appointment under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## A. The Kalmanson Family Cannot Satisfy the Adequacy Requirement of Rule 23

In order to meet the adequacy element of Rule 23, a prospective Lead Plaintiff must "fairly and adequately ***protect*** the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy requirement . . . is satisfied if the interests of the class representative coincide with those of the class, ***and the representative has the ability*** to prosecute the action vigorously through the services of competent counsel." *Mild*, 2018 WL 6930268, at *2. Thus, "one of the best ways for a court to ensure that [a prospective lead plaintiff] will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel." *Cendant*, 264 F.3d at 265; *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004) (same) (quoting *Cendant*). The significance of selecting and overseeing class counsel is clear, since the failure to do so could lead to adverse

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS
CASE NO. 2:24-CV-03282 AB(AJRx)                                                          5

consequences for all investors—including the denial of class certification. *See, e.g.*, *Allergan*, 2020 WL 5796763, at *6-9, 13 (denying class certification where lead plaintiff failed to oversee lead counsel's compliance with the court's prior orders); *In re Kosmos Energy Ltd. Sec. Litig.*, 299 F.R.D. 133, 146, 154 (N.D. Tex. 2014) (denying class certification because, among other things, the lead plaintiff failed to establish its adequacy where the lead plaintiff's declaration explaining "*how* [the lead plaintiff's representative] is actually participating in decision-making and supervising counsel is scant at best") (emphasis in original); *In re Monster Worldwide, Inc. Sec. Litig.*, 251 F.R.D. 132, 135 (S.D.N.Y. 2008) (refusing to approve lead plaintiff as class representative because it "suffer[ed] from a more fundamental inadequacy, *i.e.* an inadequate familiarity with, and concern for, the litigation"). The Kalmanson Family recognizes the necessity of this obligation when seeking appointment as lead plaintiff, acknowledging in both this case and in *GoodRx I* (in identical terms) their "preparedness to supervise counsel" and the importance of a Lead Plaintiff being able to establish that it is able to "oversee the litigation and [its] proposed Lead Counsel in an independent manner." ECF No. 40-4, ¶¶ 6, 12; Kaplan Suppl. Decl., Ex. C, ¶¶ 6, 12.

The Kalmanson Family have already established that they cannot be trusted to oversee counsel as the sole lead plaintiff. *See id.*, Exs. A & B. In *GoodRx I*, Judge Carter declined to act on the Kalmanson Family's (unopposed) motion for appointment as lead plaintiff and lead counsel at an initial hearing—stating: "I do not have the confidence at the present time in [the Kalmanson Family's counsel]." *Id.*, Ex. A at 18; *id.* at 13 ("What's occurring here? This is not a great confidence-builder for me. . . . I don't need your apologies. I need your professionalism."). Judge Carter then "summon[ned]" a law firm representing a movant with a lower financial interest to attend a later hearing. *Id.* ("I'm also going to summon the law firm in waiting now

for that same hearing and order them to be present"). At the subsequent hearing, Judge Carter, speaking directly to the Kalmanson Family's counsel, stated that he was "not prepared at this time to move with you as lead counsel in the matter." *Id.*, Ex. B at 9.

Judge Carter stated that counsel under the Kalmanson Family's direction (the same law firm they propose here) needed, at a minimum, to add a second firm as co-lead counsel, emphasizing that failure to do so could have serious consequences for the firm (including creating a record of his views). As unequivocally stated by Judge Carter:

> I'm giving [the Kalmanson Family's counsel] fair warning right now.
>
> If I have need to make a record, I'm capable and prepared to make that record. So I would suggest that there's a little conversation between [the law firm representing another movant] and a little conversation with [the Kalmanson Family's attorney], as legal counsel. Maybe you can work out something between the two of you.
>
> ***I'm quite certain now that there will minimally be another law firm involved because, when I choose lead counsel, you're representing an entire class*** . . . . [B]ut I have to tell you, after the last appearance, I ***doubt seriously*** that I will be appointing you solely, and your law firm solely, as lead counsel in the matter. Understood?

*Id.* at 9-10.

Judge Carter's unwillingness to fully grant the Kalmanson Family's ***unopposed*** motion in *GoodRx I*, and their efforts to have that ***same*** structure approved here, without any evidence of any additional safeguards or oversight of counsel, renders the

---

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS
CASE NO. 2:24-CV-03282 AB(AJRx)                                                                 7

Kalmanson Family inadequate. *See Batter v. Hecla Mining Co.*, Nos. 19-cv-4883 (ALC), *et al.*, 2020 WL 1444934, at *7 (S.D.N.Y. Mar. 25, 2020) (explaining that the disqualification of a prospective lead plaintiff movant does not require absolute certainty and that "it is enough that [the movant's issue] presents a colorable risk of inadequacy"); *Osorio-Franco v. Spectrum Pharms., Inc.*, No. 22-CV-10292 (VEC), 2023 WL 2586909, at *2 (S.D.N.Y. Mar. 21, 2023) (noting the "unique position of trust that a lead plaintiff occupies as the fiduciary for the putative class").

Given the Kalmanson Family's history, claims in their joint declaration regarding their purported "preparedness to supervise counsel and undertake all actions necessary to ensure that the [c]lass's claims will be zealously and efficiently litigated," *see* ECF No. 40-4, ¶ 6, are mere lip service. Indeed, the Kalmanson Family curiously touts their "prior experience hiring and overseeing counsel and serving as a fiduciary on behalf of a class of investors in connection with [their] service [in *GoodRx I*]," yet are silent on Judge Carter's rebuke of their prior motion. *Id.*, ¶¶ 2-4.

In particular, in *GoodRx I,* the Kalmanson Family submitted a declaration in which they stated that "we will satisfy our fiduciary obligations to the [c]lass by, among other steps, conferring with each other and with our counsel regarding litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents." Kaplan Suppl. Decl., Ex. C, ¶ 9. They have proposed no additional oversight in the instant case, despite the concerns regarding their counsel clearly expressed by Judge Carter. *See* ECF No. 40-4, ¶ 8. Given the prior experience with their chosen counsel, the Kalmanson Family, in order to demonstrate their adequacy in this litigation, could, and should have proposed additional oversight, including:

- establishing deadlines for their receipt of significant pleadings to provide ample time for review;
- approving overall staffing;
- establishing procedures to understand and approve the identity of specific attorneys who would be appearing at hearings before the Court;
- establishing that they had agreed to a competitive fee structure; and
- taking additional steps beyond the basics described in their submission in *GoodRx I* to assure themselves, and ultimately this Court, that the class would be adequately represented.[2]

In fact, given the issues that previously existed with their counsel in *GoodRx I*, they should have at least reached out to other counsel to discuss potentially representing the class as co-lead counsel, but there is no evidence that they did so (and they certainly did not reach out to Kessler Topaz, who filed the initial complaint in this case). Their silence on these issues establishes their inadequacy.

Allowing the Kalmanson Family to act as the sole lead plaintiff could lead to significant, adverse consequences and a needless distraction to the prosecution of the class's claims. As noted above, the Kalmanson Family's silence will allow Defendants to later argue that that their inability or unwillingness to oversee their chosen counsel should result in class certification being denied. *See e.g.*, *Allergan*, 2020 WL 5796763, at *6-9, *13. Even if certification is not denied outright, *see id.*, Judge Carter's refusal to saddle the *GoodRx I* class with the lead plaintiff/lead counsel structure offered by the Kalmanson Family will also provide Defendants ample fodder to create a litigation sideshow focusing on the Kalmanson Family's oversight (or lack thereof) in this

---

[2]   Typically, this level of specificity regarding the proposed lead plaintiff's interaction with their proposed lead counsel is not required. The Kalmanson Family, however, are atypical movants. Given Judge Carter's comments, the class here was entitled to specific assurances from the Kalmanson Family establishing that they are prepared to exert stricter control over counsel than is the norm.

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS
CASE NO. 2:24-CV-03282 AB(AJRx)                                                                                   9

litigation. *See Schaffer v. Horizon Pharma Plc*, No. 16-CV-1763 (JMF), 2016 WL 3566238, at \*3 (S.D.N.Y. June 27, 2016) ("[M]any courts have rejected appointments of lead plaintiffs based on *potential* risks.") (emphasis in original).

In addition to endangering class certification, the appointment of a potentially inadequate lead plaintiff jeopardizes the entire class's claims because that lead plaintiff's subsequent disqualification could force the Court to reopen the lead plaintiff selection process well into litigation. *See, e.g.*, *In re IMAX Sec. Litig.*, 272 F.R.D. 138, 155, 160 (S.D.N.Y. 2010) (denying class certification and reopening the lead plaintiff selection process where the previously appointed lead plaintiff was "at a minimum . . . subject to unique defenses"). Worse yet, denial of class certification could leave absent class members without any ability to bring individual claims if that were to happen after the expiration of the five-year statute of repose for claims under the Exchange Act. *See, e.g.*, *Lundy v. Ideanomics, Inc.*, No. 20 Civ. 4944 (GBD), 2020 WL 7389027, at \*3 (S.D.N.Y. Dec. 16, 2020) (rejecting movant and noting that, "if [d]efendants are later successful in any opposition to class certification or [the movant] as the class representative . . . class members may be subject to statute of repose concerns"); *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 515-16 (2017) (holding that statutes of repose are not subject to equitable tolling during the pendency of class action litigation).

There is no reason to subject the members of the class to the risks attendant to the Kalmanson Family and their counsel when Bethlehem and CIM assert the largest losses of any qualified movant and meet Rule 23's criteria. *See Cavanaugh*, 306 F.3d at 731 (discussing PSLRA's sequential process for selecting the lead plaintiff).

**B.      Bethlehem and CIM Satisfy the PSLRA's Requirements and Are Entitled to Appointment as Lead Plaintiff**

With the Kalmanson Family removed from consideration, Bethlehem and CIM are the only movant capable of satisfying the PSLRA's largest financial interest, adequacy, and typicality requirements.

Suffering losses of approximately $501,974.99 in connection with their Class Period transactions in GoodRx common stock under the preferred LIFO analysis, *see* ECF No. 25-4, Bethlehem and CIM assert the largest losses of any other movant (or former movants), collectively and individually:

| MOVANT | CLAIMED LOSSES (LIFO)[3] |
|---|---|
| **Bethlehem ($236,644) and CIM ($265,331)** | **$501,975** |
| ~~Joel Greenberg~~ <br> *See* ECF No. 51 (notice of non-opposition) | ~~$95,776~~ |
| ~~Steven J. DiMichele~~ <br> *See* ECF No. 47 (notice of withdrawal) | ~~$37,824~~ |
| ~~Rajeev Chowdhry~~ <br> *See* ECF No. 48 (notice of withdrawal) | ~~$30,061~~ |
| ~~Walter Frisbie~~ <br> *See* ECF No. 46 (notice of non-opposition to competing motions) | ~~$27,322~~ |
| ~~Keith Puopolo~~ <br> *See* ECF No. 50 (notice of withdrawal) | ~~$2,922~~ |

[3]      Claimed losses taken from movants' initial filings:  Walter Frisbie (ECF No. 19-2); Rajeev Chowdhry (ECF No. 23-3); Steven J. DiMichele (ECF No. 32-3); Keith Puopolo (ECF No. 36-3); and Joel Greenberg (ECF No. 44-2).

*See, e.g., Crews v. Rivian Auto., Inc.*, Nos. 2:22-cv-01524-RGK-Ex, *et al.*, 2022 WL 17883615, at *4 (C.D. Cal. July 1, 2022) ("[t]he weight of authority puts the most emphasis on the competing movants' estimated losses, using a last in, first out ('LIFO') methodology") (alteration in original); *Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, Nos. 21-cv-08812-JST, *et al.*, 2022 WL 3571995, at *4 (N.D. Cal. July 26, 2022) (appointing group which included individual movant asserting the "largest financial interest standing alone").

In addition to possessing the largest financial interest of any qualified movant, Bethlehem and CIM, as demonstrated in their opening memorandum of points and authorities and accompanying Joint Declaration, *see* ECF Nos. 25-1, 25-5, readily meet the applicable adequacy and typicality requirements under Rule 23. Bethlehem and CIM have affirmed, in their Joint Declaration submitted in connection with the motion, that they fully understand their obligations and fiduciary duties to the class as a Lead Plaintiff under the PSLRA, and are willing and able to undertake those responsibilities to vigorously prosecute this litigation. *See* ECF No. 25-5, ¶¶ 5-11. Their commitment to the class is demonstrated by, among other things, their selection of Kessler Topaz as proposed Lead Counsel, the firm which investigated and filed this litigation and a firm that has an extensive history of successfully prosecuting securities class actions throughout the United States, including in this District and this Circuit. *See id.*, ¶¶ 12-13.

Bethlehem and Dr. Antani (CIM's sole owner and manager) also both have experience in successfully overseeing litigation on behalf of investors and in supervising counsel (Kessler Topaz) to achieve positive outcomes for the shareholders. *See id.*, ¶¶ 2-3 (citing *In re Motive, Inc. Sec. Litig.*, No. 1:05-cv-00923-LY (W.D. Tex.) (Bethlehem was lead plaintiff in litigation recovering $7 million in cash and an additional 2.5 million shares for the class, with Kessler Topaz serving as

co-lead counsel); *In re Cbeyond, Inc. Derivative Litig.*, 2008cv157216 (Super. Ct. of Fulton Cnty., State of Ga.) (Dr. Antani was a named plaintiff in litigation where the settlement provided for implementation of certain corporate governance changes, with Kessler Topaz serving as lead counsel)).

Finally, Bethlehem's adequacy as a Lead Plaintiff is strengthened because it is the only movant before the Court that is a sophisticated institutional investor–the prototypical investor Congress sought to encourage to lead securities class actions. *See id.*, ¶ 2; H.R. Conf. Rep. No. 104-369, at 34, *as reprinted in* 1995 U.S.C.C.A.N. at 733 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because such investors are more apt to effectively manage complex securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34-35, *as reprinted in* 1995 U.S.C.C.A.N. at 733-34. To this end, many courts have recognized a strong preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See, e.g.*, *In re Versata, Inc. Sec. Litig.*, Nos. C 01-1439 SI, *et al.*, 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) (finding that a movant's "institutional status is given great weight in assessing its adequacy as a plaintiff"); *In re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (appointing group of institutions as lead plaintiff that submitted declaration detailing discussions regarding "plans for joint oversight over the litigation and joint supervision of counsel"). Bethlehem, with more than $192 million in assets under management, *see* ECF No. 25-5, ¶ 2, fulfills this critical goal behind the PSLRA's enactment.

In sum, Bethlehem and CIM have affirmatively demonstrated their commitment and ability to zealously prosecute this litigation for the benefit of the class—including selecting experienced counsel—and are not subject to any unique defenses, and thus, Bethlehem and CIM should be appointed as Lead Plaintiff.

### C.    The Remaining Motions Should Be Denied

Given that Bethlehem and CIM have satisfied all the PSLRA's requirements for appointment as Lead Plaintiff, and each of the remaining movants asserts a smaller financial interest, *see supra* Section II.B., the Court need not even consider the remaining competing motions.  *See Cavanaugh*, 306 F.3d at 732 (stating that the movant with the largest losses satisfying the typicality and adequacy requirements "is entitled to lead plaintiff status").

## III.    CONCLUSION

For the reasons set forth above, Bethlehem and CIM respectfully request that the Court: (1) appoint Bethlehem and CIM as Lead Plaintiff; (2) approve the selection of Kessler Topaz as Lead Counsel for the class; and (3) grant such other relief as the Court may deem just and proper.

Dated: June 28, 2024                     Respectfully submitted,

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

*/s/ Stacey M. Kaplan*
STACEY M. KAPLAN (Bar No. 241989)
skaplan@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Counsel for Proposed Lead Plaintiff City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, and Center for Interventional Medicine, LLC, and Proposed Lead Counsel for the Class*

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Proposed Lead Plaintiff City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, and Center for Interventional Medicine, LLC, certifies that this brief contains 4,139 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order.

Dated: June 28, 2024                    /s/ Stacey M. Kaplan
                                        STACEY M. KAPLAN (Bar No. 241989)

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS
CASE NO. 2:24-CV-03282 AB(AJRx)                                                    15