**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
STACEY M. KAPLAN (Bar No. 241989)
skaplan@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Counsel for Proposed Lead Plaintiff City of
Bethlehem, as Trustee of the City of
Bethlehem Pension Fund, and Center for
Interventional Medicine, LLC, and Proposed
Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LISA MARIE BARSULI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GOODRX HOLDINGS, INC., DOUGLAS HIRSCH, TREVOR BEZDEK, and KARSTEN VOERMANN, <br><br> Defendants. | Case No. 2:24-cv-03282 AB(AJRx) <br><br> <u>CLASS ACTION</u> <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** <br><br> Date:      July 19, 2024 <br> Time:      10:00 a.m. <br> Courtroom: 7B <br> Judge:     Hon. André Birotte Jr. <br><br> <u>ORAL ARGUMENT REQUESTED</u> |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF
CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR
INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL
CASE NO. 2:24-CV-03282 AB(AJRx)

Proposed Lead Plaintiff City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, ("Bethlehem") and Center for Interventional Medicine, LLC ("CIM"), by and through their counsel, respectfully submit this Reply Memorandum of Points and Authorities in further support of their motion for appointment as Lead Plaintiff and approval of their selection of Lead Counsel for the class (ECF No. 25) and in opposition to the Motion of the Kalmanson Family for Appointment as Lead Plaintiff and Approval of Lead Counsel (ECF No. 38), the sole remaining movant opposing Bethlehem and CIM's motion.[1]

## I.    ARGUMENT

Bethlehem and CIM possess the largest financial interest of any movant capable of satisfying the adequacy and typicality requirements of Rule 23.[2]  *See generally,* Opening Br.; Response Br.  No movant has challenged Bethlehem and CIM's financial interest or their ability to meet Rule 23's relevant requirements.  While Bethlehem's appointment fulfills a critical goal under the PSLRA given its status as an institutional investor responsible for overseeing more than $192 million in assets, Bethlehem and CIM are not relying on status alone to argue for their appointment.  Rather, as detailed in the Response Br. at 5-10, the Kalmanson Family is wholly inadequate to oversee this case as the sole lead plaintiff.  Thus, Bethlehem and CIM is the only movant before the Court capable of satisfying the relevant requirements for appointment as Lead Plaintiff under the PSLRA.

---

[1]    All movants other than Bethlehem and CIM and the Kalmanson Family have filed notices of non-opposition to competing motions or notices of withdrawal:  Walter Frisbie (ECF No. 46 (notice of non-opposition)); Steven J. DiMichele (ECF No. 47 (notice withdrawing ECF No. 30)); Rajeev Chowdhry (ECF No. 48 (notice withdrawing ECF No. 21)); Keith Puopolo (ECF No. 50 (notice withdrawing ECF No. 34)); Joel Greenberg (ECF No. 54 (corrected notice of non-opposition)).

[2]    Unless otherwise noted, all emphases are added, all internal alterations, citations and quotation marks are omitted, and all capitalized but undefined terms have the meanings ascribed in Bethlehem and CIM's opening memorandum of points and authorities (ECF No. 25-1, "Opening Br.") and response memorandum of points and authorities (ECF No. 53, "Response Br.").

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
CASE NO. 2:24-CV-03282 AB(AJRx)                                                                                                    1

## A. Bethlehem and CIM's Financial Interest, Adequacy, and Typicality are Unchallenged

Bethlehem and CIM provided detailed evidence of the significant losses they suffered from their investments in GoodRx common stock during the Class Period (total LIFO loss of approximately $501,975), their history of successfully overseeing shareholder litigation, their prior oversight of Kessler Topaz, and their ability to meet Rule 23's adequacy and typicality requirements. *See* Opening Br. at 8-13; *see also* ECF No. 25-3 (PSLRA certifications of Bethlehem and CIM); ECF No. 25-5 (Joint Declaration). The Kalmanson Family does not challenge—thereby conceding—Bethlehem and CIM's significant collective financial interest in this litigation, their adequacy, and their typicality to lead this case as Lead Plaintiff. *See* Opening Br. at 2 (noting Bethlehem and CIM's collective loss of approximately $501,975); *see also Powers v. McDonough*, No. 2:22-cv-08357-DOC-KS, 2024 WL 2307513, at *6 (C.D. Cal. May 3, 2024) ("failure to address an argument in opposition briefing constitutes a concession of that argument").

## B. Bethlehem and CIM are Not Relying Exclusively on Bethlehem's Status as an Institutional Investor for Appointment

The Kalmanson Family rightfully acknowledges Bethlehem's status as an institutional investor. *See* ECF No. 49 at 3. However, veering away from what was actually filed by Bethlehem and CIM, the Kalmanson Family's opposition incorrectly contends that Bethlehem and CIM would seek appointment solely because of Bethlehem's institutional status. *See id*. at 9-11. Bethlehem and CIM make no such argument.

Bethlehem and CIM simply noted that "Bethlehem's adequacy as a Lead Plaintiff is ***strengthened*** because it is the only movant before the Court that is a sophisticated institutional investor—the prototypical investor Congress sought to

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

CASE NO. 2:24-CV-03282 AB(AJRx)                                                                 2

encourage to lead securities class actions." Response Br. at 13 (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("[I]ncreasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.")). There is no disputing that the PSLRA was enacted, in part, to encourage institutional investors to serve as lead plaintiff. Even case law cited by the Kalmanson Family (*see* ECF No. 49 at 4, 9-11 (citing *Tanne v. Autobytel, Inc.*)) acknowledges that "the PSLRA was enacted to encourage institutional investors" like Bethlehem "to take a more active role in securities litigation." 226 F.R.D. 659, 670 (C.D. Cal. 2005); *see also In re Versata, Inc. Sec. Litig.*, Nos. C 01-1439 SI, *et al.*, 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) ("Congress intended that the lead plaintiff procedures under the PSLRA would encourage institutional investors to take a more active role in securities class action lawsuits.").

Bethlehem's status is a plus factor in demonstrating its adequacy under Rule 23, and there is no claim that Bethlehem's institutional investor status alone is dispositive.

### C.    The Kalmanson Family is Inadequate

The primary issue in this lead plaintiff proceeding is the Kalmanson Family's inability to satisfy the adequacy requirement of Rule 23. As explained by Bethlehem and CIM, the Kalmanson Family is inadequate under Rule 23 because it has failed to establish that it can adequately prosecute this action by properly overseeing its proposed lead counsel as the sole lead plaintiff. *See* Response Br. at 2-10. In a prior putative securities class action lawsuit brought against GoodRx, *Terenzini v. GoodRx Holdings, Inc.*, *et al.*, No. 2:20-cv-11444-DOC(MARx) (C.D. Cal.) ("*GoodRx I*"), the Honorable David O. Carter concluded that, because of the conduct of the Kalmanson Family's selected counsel, he was "not prepared at this time to move [forward] with [the Kalmanson Family's attorneys] as lead counsel in the matter." ECF No. 53-3 at 9.

A key element of Rule 23's adequacy requirement is a showing that "***the representative has the ability to prosecute the action vigorously through the services of competent counsel***." *Mild v. PPG Indus., Inc.*, No. CV 18-04231-RGK (JEMx), 2018 WL 6930268, at *2 (C.D. Cal. Aug. 27, 2018). Here, the Kalmanson Family has proposed the ***same*** sole lead plaintiff and sole lead counsel structure that was rejected by Judge Carter and, surprisingly given what occurred in *GoodRx I*, and despite two rounds of briefing, have made no additional efforts, beyond what they proposed in that prior case, to ensure they can effectively oversee counsel. *See* Response Br. at 8-10; *see also In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM) (GWG), 2020 WL 5796763, at *6-9, *13 (S.D.N.Y. Sept. 29, 2020) (denying class certification and finding lead plaintiff inadequate where the lead plaintiff failed to effectively oversee class counsel). The Kalmanson Family cannot establish their adequacy.

In contrast, there is no opposition to Bethlehem and CIM's ability to satisfy the requirements of Rule 23. Given this fact and the Kalmanson Family's inability to satisfy those requirements, Bethlehem and CIM respectfully request that the Court deny the Kalmanson Family's motion and grant Bethlehem and CIM's motion in full.

## II.   CONCLUSION

For the reasons set forth above and in its prior filings, Bethlehem and CIM respectfully request that the Court: (1) appoint Bethlehem and CIM as Lead Plaintiff; (2) approve the selection of Kessler Topaz as Lead Counsel for the class; and (3) grant such other relief as the Court may deem just and proper.

Dated: July 5, 2024                                    Respectfully submitted,

                                    KESSLER TOPAZ
                                      MELTZER & CHECK, LLP

                                    */s/ Stacey M. Kaplan*
                                    STACEY M. KAPLAN (Bar No. 241989)
                                    skaplan@ktmc.com
                                    One Sansome Street, Suite 1850
                                    San Francisco, CA 94104

Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Counsel for Proposed Lead Plaintiff City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, and Center for Interventional Medicine, LLC, and Proposed Lead Counsel for the Class*

**LARSON LLP**
STEPHEN G. LARSON (Bar No. 145225)
slarson@larsonllp.com
PAUL A. RIGALI (Bar No. 262948)
prigali@larsonllp.com
555 South Flower Street, 30th Floor
Los Angeles, CA 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

*Local Counsel for Proposed Lead Plaintiff City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, and Center for Interventional Medicine, LLC*

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
CASE NO. 2:24-CV-03282 AB(AJRx)                                                      5

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Proposed Lead Plaintiff City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, and Center for Interventional Medicine, LLC certifies that this brief contains 1,223 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order.

Dated: July 5, 2024                    /s/ Stacey M. Kaplan
                                       STACEY M. KAPLAN (Bar No. 241989)

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
CASE NO. 2:24-CV-03282 AB(AJRx)                                                      6