POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (917) 463-1044
jpafiti@pomlaw.com

*Counsel for Movant the Kalmanson Family*
*and Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE BARSULI, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>     v.<br><br>GOODRX HOLDINGS, INC., DOUGLAS HIRSCH, TREVOR BEZDEK, and KARSTEN VOERMANN,<br><br>                              Defendants. | Case No. 2:24-cv-03282-AB-AJR<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE KALMANSON FAMILY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS**<br><br>DATE:  July 19, 2024<br>TIME:   10:00 a.m.<br>JUDGE:  André Birotte Jr.<br>CTRM:  7B |

Movant the Kalmanson Family[1] respectfully submits this reply memorandum of points and authorities in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Pomerantz as Lead Counsel (Dkt. No. 38); and in opposition to the competing motion of Bethlehem and CIM (Dkt. No. 25).

## I.   PRELIMINARY STATEMENT

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class" and that satisfies the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption can only be rebutted by proof that the movant with the largest financial interest is atypical or inadequate.  *Id.* § 78u-4(a)(3)(B)(iii)(II).

Here, as discussed at length in its moving and opposition briefs (Dkt. Nos. 39, 49), the Kalmanson Family satisfies all of the statutory criteria to be entitled to the "most adequate plaintiff" presumption.  First, the Kalmanson Family has alleged the largest financial interest in this litigation by a significant margin, having incurred an investment loss of approximately ***$1.23 million*** in connection with the fraud alleged in this Action. *See* Dkt. No. 40-1 at *2.  Second, the Kalmanson Family has robustly demonstrated its typicality and adequacy under Rule 23, including through a detailed declaration attesting

---

[1] All capitalized terms herein are defined in the Kalmanson Family's moving or opposition briefs, unless otherwise indicated.  *See* Dkt. Nos. 39, 49.

to, *inter alia*, the Kalmanson Family's understanding of the responsibilities of Lead Plaintiffs appointed pursuant to the PSLRA and their readiness to shoulder those responsibilities on behalf of the Class.  *See* Dkt. No. 40-4 at 1-5 ¶¶ 1-8, 10-14.

Only one competing movant group, Bethlehem and CIM, contests the Kalmanson Family's appointment.  Bethlehem and CIM do not dispute that the Kalmanson Family has alleged the largest financial interest in this litigation.  Nor do Bethlehem and CIM genuinely dispute the Kalmanson Family's adequacy or typicality under Rule 23.  Rather, the sole basis for Bethlehem and CIM's opposition to the Kalmanson Family's motion is an apparent misunderstanding that occurred three years ago, in a prior action on behalf of GoodRx investors, *Terenzini v. GoodRx Holdings, Inc. et al.*, 2:20-cv-11444 (C.D. Cal. Dec. 18, 2020) ("*GoodRx I*"), between the Kalmanson Family's counsel, Pomerantz, and the Honorable David O. Carter, U.S.D.J., regarding the identities of the specific Pomerantz attorneys who would be in attendance at a single motion hearing.  *See generally* Dkt. No. 53-2.  Although this argument is plainly an attack on the Kalmanson Family's counsel, Bethlehem and CIM disingenuously mischaracterize it as evidence that the Kalmanson Family itself is inadequate under Rule 23, arguing that this Court cannot count on the Kalmanson Family to supervise its chosen counsel.[2]  Dkt. No. 53 at 5-7 § II.A.

---

[2] Although one competing movant, Greenberg, initially filed a Notice of Non-Opposition making the same baseless arguments as Bethlehem and CIM on June 28, 2024 (Dkt. No. 51), just two days later Greenberg filed a Corrected Notice of Non-Opposition in which he expressly disavowed his previous *ad hominem* attacks on the Kalmanson Family's counsel, presumably having reconsidered the merits of this position (Dkt. No. 54).

There is no merit whatsoever to Bethlehem and CIM's position.  The events that Bethlehem and CIM cite amount to nothing more than a good-faith misunderstanding related to a single motion hearing and plainly have no bearing on the Kalmanson Family's adequacy under Rule 23 or Pomerantz's fitness to serve as Lead Counsel in this Action. Indeed, considering that Judge Carter himself saw fit to appoint both the Kalmanson Family and Pomerantz to leadership roles in *GoodRx I* (*see GoodRx I*, Dkt. No. 65 at 2 ¶¶ 2-3), it is unclear why the events of *GoodRx I* would disqualify the Kalmanson Family and/or Pomerantz from appointment to leadership roles here.

Nor can Bethlehem and CIM credibly question Pomerantz's qualifications to serve as Lead Counsel.  As court-appointed Lead Counsel in *In re Petrobras Sec. Litig.*, No. 14-cv-9662 (S.D.N.Y. 2018), Pomerantz secured a historic $3 billion settlement, the largest ever against a foreign issuer. *See* Dkt. No. 40-5 at 2.  Likewise, as Co-Lead Counsel in *In re Yahoo! Inc. Sec. Litig.*, No. 17-cv-00373 (N.D. Cal. 2017), Pomerantz secured an $80 million settlement, the first substantial shareholder recovery in a securities fraud class action related to a cybersecurity breach. *See id.* at 3-4.  Recognizing the firm's qualifications, courts in the Central District of California routinely appoint Pomerantz to serve as Lead Counsel in securities class actions. *See*, *e.g.*, *In re Golden Heaven Group Holdings Ltd. Sec. Litig.*, 2:23-cv-10619-HDV-SK (C.D. Cal. 2023), Dkt. No. 49 at 2-4 § IV ¶¶ 8-14; *Neilsen v. Lantronix, Inc. et al.*, 8:24-cv-00385-FWS-JDE (C.D. Cal. 2024), Dkt. No. 31 at 2 ¶ 2; *Aramouni v. ACELYRIN, Inc. et al.*, 2:23-cv-09672-FMO-MAA (C.D.

Cal. 2023), Dkt. No. 42 at 1 ¶ 3; *Spitzer v. Flexon et al.*, 2:23-cv-08659-HDV-MAR (C.D. Cal. 2023), Dkt. No. 38 at 2.

Indeed, Bethlehem and CIM's counsel are well aware of the fact that facing criticism by a judge in a years old litigation hardly undercuts a law firm's or their client's adequacy under Rule 23. *See*, *e.g.*, *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, 851 F. Supp. 2d 1299, 1313-14, 1324 (S.D. Fla. 2011) (sanctioning Bethlehem and CIM's counsel for filing a Consolidated Amended Complaint that included "factual contentions attributed to [a confidential witness that] lacked adequate evidentiary support," finding that "a reasonable inquiry by counsel would have revealed as much").

For the foregoing reasons, and those set forth in its moving and opposition briefs, the Kalmanson Family respectfully requests that the Court enter an Order granting its motion in full and denying Bethlehem and CIM's competing motion.

## II.   ARGUMENT

### A.   Pomerantz's Conduct in *GoodRx I* Has No Bearing on the Kalmanson Family's Adequacy

Pomerantz's conduct in *GoodRx I* has no bearing on the Kalmanson Family's adequacy under Rule 23, nor does it disqualify Pomerantz from serving as Lead Counsel in this Action. Conspicuously, Bethlehem and CIM's opposition brief never actually describes what occurred in *GoodRx I*. Rather, Bethlehem and CIM simply appended two motion hearing transcripts from *GoodRx I* as exhibits (Dkt. Nos. 53-2, 53-3) (the "*GoodRx I* Hearing Transcripts"), cherry-picked certain out-of-context statements by Judge Carter,

and quoted those statements pejoratively in their brief while vaguely speaking of Pomerantz's unspecified but purportedly troubling "conduct" in that action.  *See* Dkt. No. 53 at 2, 6-7 §§ I, II.A.

Considered in full, the *GoodRx I* Hearing Transcripts reflect the following course of events:  On March 22, 2021, Judge Carter held a Zoom motion hearing to consider the Kalmanson Family's unopposed lead plaintiff motion.  *See* Dkt. No. 53-2 at *2-5. Although two senior Pomerantz attorneys, including one Partner, were present at that hearing, Judge Carter expressed surprise that the specific Pomerantz Partner who had signed and filed the papers under her Central District of California ECF credentials was not present.  *Id.* at *13.  Accordingly, Judge Carter scheduled a second hearing on the Kalmanson Family's unopposed motion in order to allow for appearances by that Partner and/or other Pomerantz attorneys.  *Id.* at *19.  At that second hearing, on April 5, 2021, Judge Carter stated his expectation that he be able to "question th[e] person who had . . . draft[ed]" the motion papers (whom he had understood to be the Partner who signed and filed the motion papers) and, in the interest of allaying the concerns that arose at the first hearing, instructed Pomerantz to partner with "another law firm" and propose a co-leadership structure.  Dkt. No. 53-3 at *9, 11.  Just three days later, Judge Carter entered an Order appointing both the Kalmanson Family and Pomerantz to leadership roles in *GoodRx I*, as co-lead plaintiffs and co-lead counsel alongside another movant and law firm.  *GoodRx I*, Dkt. No. 65 at 2 ¶¶ 2-3.  Apart from the foregoing events, to the best of

the Kalmanson Family's knowledge, Judge Carter expressed no further concerns about Pomerantz's conduct during the 18-month pendency of *GoodRx I*.

Bethlehem and CIM have conspicuously taken care to avoid telling this Court what actually happened in the *GoodRx I* motion hearings. Had they done so, it would have been clear to the Court that the "conduct" at issue amounted to a California-barred Pomerantz attorney signing and filing a motion brief, and different, non-California barred Pomerantz attorneys appearing to argue that motion after duly seeking *pro hac vice* admission in this Judicial District. Bethlehem and CIM would have been hard-pressed to explain why this commonplace practice is problematic, considering that their own counsel in this Action, Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), does the same. For example, in the recent PSLRA action *In re SVB Financial Group Securities Litigation*, 3:23-cv-01097 (N.D. Cal.), a San Francisco-based Kessler Topaz attorney was the only California-barred Kessler Topaz attorney listed on the signature block of the lead plaintiff motion filed on behalf of Kessler Topaz's client. *See* Reply Declaration of Jennifer Pafiti ("Pafiti Reply Decl."), Exhibit ("Ex.") A at 16. At a hearing on the lead plaintiff motion, however, that California-barred attorney was not in attendance. Rather, the only Kessler Topaz attorney who appeared at the hearing was based in Pennsylvania, having applied for admission *pro hac vice*. *See* Pafiti Reply Decl. Ex., B at 2. At no point in the hearing did the Pennsylvania-based attorney offer, nor did that court demand, any explanation as to the whereabouts of his California-barred colleague. *See generally id.*

In *GoodRx I*, then, a good-faith misunderstanding occurred with respect to Judge Carter's expectations regarding attorney attendance at a single motion hearing. Judge Carter formed his own view of the significance of that misunderstanding and its relevance to Pomerantz's suitability to serve as class counsel, and, significantly, he did ***not*** find the Kalmanson Family to be inadequate under Rule 23 or Pomerantz to be unsuitable to serve as Co-Lead Counsel. Rather, he entered an Order appointing both the Kalmanson Family ***and*** Pomerantz to leadership roles. *See GoodRx I*, Dkt. No. 65 at 2 ¶¶ 2-3; *see also* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(cc) (court is required to appoint a lead plaintiff who "satisfies the requirements of Rule 23" with respect to, *inter alia*, adequacy). Like Judge Carter, this Court has the discretion to decide whether this misunderstanding raises meaningful concerns about the Kalmanson Family's ability to supervise counsel in this Action, as Bethlehem and CIM argue. The Kalmanson Family respectfully submits that it does not.

## III.   CONCLUSION

For the foregoing reasons, the Kalmanson Family respectfully requests that the Court issue an Order: (1) appointing the Kalmanson Family as Lead Plaintiff for the Class; and (2) approving the Kalmanson Family's selection of Pomerantz as Lead Counsel for the Class.

Dated:  July 5, 2024                                     Respectfully submitted,

                                                         POMERANTZ LLP

/s/ Jennifer Pafiti
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (917) 463-1044
jpafiti@pomlaw.com

*Counsel for Movant the Kalmanson Family and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Movant the Kalmanson Family*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

>                    */s/ Jennifer Pafiti*
>                    Jennifer Pafiti

CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for the Kalmanson Family, certifies that this brief contains 1,785 words, which complies with the word limit of L.R. 11-6.1.

Executed on July 5, 2024.

*/s/ Jennifer Pafiti*
Jennifer Pafiti
