# EXHIBIT A

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3470

KESSLER TOPAZ MELTZER
   & CHECK, LLP
JENNIFER L. JOOST (Bar No. 296164)
(jjoost@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:    (415) 400-3000
Fax:    (415) 400-3001

*Counsel for Proposed Lead Plaintiff Norges Bank and Sjunde AP-Fonden,
and Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CHANDRA VANIPENTA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SVB FINANCIAL GROUP, GREG W. BECKER, and DANIEL BECK,<br><br>    Defendants. | Case No. 3:23-cv-01097-JD<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION OF NORGES BANK AND SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   June 22, 2023<br>Time:   10:00 a.m.<br>Dept.:   Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

[Additional captions on following pages.]

| | |
|---|---|
| ELLIOT SNOOK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREG W. BECKER, and DANIEL J. BECK,<br><br>Defendants. | Case No. 3:23-cv-01173-JD<br><br><u>CLASS ACTION</u> |
| AIZAZ SIDDIQUI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREG W. BECKER and DANIEL J. BECK,<br><br>Defendants. | Case No. 3:23-cv-01228-JD<br><br><u>CLASS ACTION</u> |
| CITY OF HIALEAH EMPLOYEES' RETIREMENT SYSTEM, ASBESTOS WORKERS PHILADELPHIA WELFARE AND PENSION FUND, and HEAT & FROST INSULATORS LOCAL 12 FUNDS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREG W. BECKER, DANIEL J. BECK, KAREN HON, ROGER F. DUNBAR, BEVERLY KAY MATTHEWS, ERIC A. BENHAMOU, ELIZABETH BURR, JOHN S. CLENDENING, RICHARD D. DANIELS, ALISON DAVIS JOEL P. FRIEDMAN, THOMAS KING, JEFFREY N. MAGGIONCALDA, MARY J. MILLER, KATE D. MITCHELL, JOHN F. ROBINSON, GAREN K. STAGLIN, GOLDMAN SACHS & CO. LLC, BofA SECURITIES INC., MORGAN STANLEY & CO. LLC, KEEFE, BRUYETTE & WOODS, INC., and KPMG, LLP,<br><br>Defendants. | Case No. 3:23-cv-01697-JD<br><br><u>CLASS ACTION</u> |

[Additional captions on following page.]

NOTICE OF MOTION AND MOTION OF NORGES BANK AND SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.
CASE NOS. 3:23-CV-01097-JD, ET AL.

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 132 PENSION FUND, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>SVB FINANCIAL GROUP, GREGORY W. BECKER, and DANIEL J. BECK,<br><br>       Defendants. | Case No. 3:23-cv-01962-JD<br><br>CLASS ACTION |
| KIM STEVENSON and HOWARD TARLOW, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>GREG W. BECKER, DANIEL J. BECK, ROGER F. DUNBAR, KAREN HON, ERIC A. BENHAMOU, JOHN S. CLENDENING, RICHARD D. DANIELS, ALISON DAVIS, JOEL P. FRIEDMAN, JEFFREY N. MAGGIONCALDA, BEVERLY KAY MATTHEWS, MARY J. MILLER, KATE D. MITCHELL, JOHN F. ROBINSON, GAREN K. STAGLIN, and KPMG LLP,<br><br>       Defendants. | Case No. 5:23-cv-02277<br><br>CLASS ACTION |
| STEPHEN ROSSI, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>GREG W. BECKER, DANIEL J. BECK, ROGER F. DUNBAR, KAREN HON, ERIC A. BENHAMOU, JOHN S. CLENDENING, RICHARD D. DANIELS, ALISON DAVIS, JOEL P. FRIEDMAN, JEFFREY N. MAGGIONCALDA, BEVERLY KAY MATTHEWS, MARY J. MILLER, KATE D. MITCHELL, JOHN F. ROBINSON, GAREN K. STAGLIN, KPMG LLP, BENHAMOU GLOBAL VENTURES, LLC, FIFTH ERA, LLC, and SCALE VENTURE PARTNERS,<br><br>       Defendants. | Case No. 3:23-cv-02335<br><br>CLASS ACTION |

NOTICE OF MOTION AND MOTION OF NORGES BANK AND SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.
CASE NOS. 3:23-CV-01097-JD, *ET AL.*

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| NOTICE OF MOTION AND MOTION | 1 |
| STATEMENT OF ISSUES | 2 |
| MEMORANDUM OF POINTS AND AUTHORITIES | 2 |
| I. PRELIMINARY STATEMENT | 2 |
| II. SUMMARY OF THE ACTION | 5 |
| III. ARGUMENT | 7 |
| A. The Related Actions Should Be Consolidated | 7 |
| B. Norges and AP7 Are the Most Adequate Plaintiff | 8 |
| 1. Norges's and AP7's Motion Is Timely | 9 |
| 2. Norges and AP7 Have the Largest Financial Interest | 9 |
| 3. Norges and AP7 Satisfy the Relevant Requirements of Rule 23 | 9 |
| a. Norges and AP7 Are Typical | 10 |
| b. Norges and AP7 Are Adequate | 10 |
| C. Norges's and AP7's Selection of Counsel Should Be Approved | 13 |
| IV. CONCLUSION | 15 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
258 F.R.D. 260 (S.D.N.Y. 2009) ..................................................................................12

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ........................................................................3, 5, 9, 13

*In re Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
586 F.3d 703 (9th Cir. 2009) ......................................................................................13

*Hedick v. Kraft Heinz Co.*,
2019 WL 4958238 (N.D. Ill. Oct. 8, 2019)..................................................................3

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018) ........................................................................8

*Pampena v. Musk*,
2023 WL 3082341 (N.D. Cal. Apr. 24, 2023) ...........................................4, 5, 10, 13

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
2021 WL 1540996 (N.D. Cal. Apr. 20, 2021) ............................................................14

*In re Versata, Inc. Sec. Litig.*,
2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) .........................................................12

*Weston v. DocuSign, Inc.*,
2022 WL 1301770 (N.D. Cal. Apr. 18, 2022) ............................................................10

**STATUTES**

15 U.S.C. § 78u-4 *et seq.* ........................................................................................ *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4)..................................................................................................10

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ...........3, 12

NOTICE OF MOTION AND MOTION OF NORGES BANK AND SJUNDE AP-FONDEN FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.
CASE NOS. 3:23-CV-01097-JD, *ET AL.*

ii

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at 10:00 a.m. on June 22, 2023, or on a date and at a time set by the Court, before the Honorable James Donato, at the United States District Court for the Northern District of California, located at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 11 – 19th Floor, San Francisco, California, 94102, Norges Bank ("Norges") and Sjunde AP-Fonden ("AP7") will respectfully move this Court, pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an Order for: (1) consolidation of the above-captioned actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); (2) appointment of Norges and AP7 as Lead Plaintiff; and (3) approval of Norges's and AP7's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") to serve as Lead Counsel for the class.[1]

This Motion is made on the grounds that Norges and AP7—two Nordic institutional investors collectively overseeing more than $1.3 trillion in assets—believe that they are the "most adequate plaintiff" under the PSLRA and are therefore entitled to be appointed Lead Plaintiff. Specifically, Norges and AP7 believe that they have the "largest financial interest" in the relief sought by the class in this action by virtue of, among other things, the significant losses they incurred on their investments in the securities of SVB Financial Group ("SVB" or the "Company"). Norges and AP7 also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because their claims are typical of other class members' claims and because they will fairly and adequately represent the interests of the class. Additionally, Norges and AP7 have selected and retained Bernstein Litowitz and Kessler Topaz, law firms with substantial experience

---

[1] Because the relevant provisions of the PSLRA in the Exchange Act and Securities Act are identical, this memorandum solely cites the Exchange Act.

NOTICE OF MOTION AND MOTION OF NORGES BANK AND SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.
CASE NOS. 3:23-CV-01097-JD, *ET AL.*

1

prosecuting securities class actions, to serve as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

This Motion is based upon the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Jonathan D. Uslaner filed herewith (the "Uslaner Decl.") and all exhibits attached thereto, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

**STATEMENT OF ISSUES**

1. Whether the Related Actions should be consolidated pursuant to Rule 42(a).

2. Whether Norges and AP7 are the "most adequate plaintiff," pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

3. Whether to approve Norges's and AP7's selection of Bernstein Litowitz and Kessler Topaz as Lead Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

Norges and AP7, by and through their counsel, respectfully submit this Memorandum of Points and Authorities in support of their Motion for: (1) consolidation of the Related Actions; (2) appointment as Lead Plaintiff; and (2) approval of their selection of Bernstein Litowitz and Kessler Topaz as Lead Counsel for the class.

## I. PRELIMINARY STATEMENT

The Related Actions are securities class actions brought under Sections 11, 12(a)(2), and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l(a)(2), and 77o, and/or Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), against SVB,[2] certain of its executive officers, directors, and underwriters, and its auditor (collectively, "Defendants"). The Related Actions are brought on behalf of all persons who purchased or otherwise acquired SVB securities between November 5, 2020, and March 10, 2023, inclusive (the "Class Period"), including all persons and entities who purchased SVB securities pursuant and/or traceable to the Company's offerings of

---

[2] On March 17, 2023, SVB filed for Chapter 11 bankruptcy protection. *See* ECF No. 24 (Suggestion of Bankruptcy); *In re SVB Fin. Grp.*, No. 23-10367 (MG) (Bankr. S.D.N.Y.).

SVB securities during the Class Period (the "Offerings").[3] As detailed below, the Related Actions involve common issues of law and fact and should be consolidated pursuant to Rule 42(a). *See infra* Section III.A.

The PSLRA allows any member or group of members of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant or movant group is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)-(B); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Under the PSLRA, the Court must appoint as lead plaintiff the movant or movant group that: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation; and (3) otherwise satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Norges and AP7 respectfully submit that they are the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. Norges's and AP7's Motion is timely and their losses of approximately $161.8 million on a last-in, first-out ("LIFO") basis in connection with their transactions in SVB securities during the Class Period represent the largest known financial interest in the relief sought by the class. *See* Uslaner Decl., Exs. A-B. Additionally, Norges and AP7 easily satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the class and because they will fairly and adequately represent the class. As highly sophisticated institutional investors with more than $1.3 trillion in combined assets under management, Norges and AP7 are the prototypical investors envisioned by Congress to serve as lead plaintiff under the PSLRA, and their appointment would therefore fulfill this critical legislative purpose. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

---

[3] For purposes of this Motion, Norges and AP7 have used the broadest class period pled in the Related Actions to calculate their financial interest, and refer to the broadest set of claims and defendants asserted in the Related Actions. *See, e.g., Hedick v. Kraft Heinz Co.*, 2019 WL 4958238, at *5 (N.D. Ill. Oct. 8, 2019) ("For the purpose of calculating losses in determining the proper lead plaintiff in securities class actions, courts use the most inclusive class period.").

As set forth in their Joint Declaration submitted herewith, Norges and AP7 are already actively leading this litigation and functioning as a cohesive group. The Joint Declaration evidences, among other things:

- Norges's and AP7's understanding of the Lead Plaintiff's obligations to the class;

- Norges's and AP7's commitment to undertake those responsibilities to guarantee vigorous prosecution of this litigation;

- Norges's and AP7's determination that their appointment would benefit the class, including Norges's and AP7's ability to provide the class with broad standing given their ability to assert claims under both the Securities Act and the Exchange Act;

- specific protocols implemented by Norges and AP7 to ensure that counsel will litigate this action efficiently and without duplication of efforts;

- Norges's and AP7's negotiation of highly competitive terms with counsel;

- the basis for Norges's and AP7's selection of Bernstein Litowitz and Kessler Topaz as proposed Lead Counsel; and

- steps implemented by Norges and AP7 to ensure they are able to speak with and without counsel throughout the litigation.

*See* Uslaner Decl., Ex. C. Moreover, prior to filing this Motion, representatives from Norges and AP7 held a video conference call to coordinate their joint prosecution of this litigation and to discuss each of the items outlined in their Joint Declaration. *See id.* ¶ 12. As such, Norges and AP7 have provided ample evidence of their ability to "work together effectively" as well as their commitment and ability to fulfill their obligations to the class under the PSLRA. *See, e.g.*, *Pampena v. Musk*, 2023 WL 3082341, at *4 (N.D. Cal. Apr. 24, 2023) (appointing group of investors that submitted joint declaration) (citing *In re Mersho*, 6 F.4th 891, 900 (9th Cir. 2021)).

Lastly, Norges's and AP7's adequacy is further demonstrated through their selection of Bernstein Litowitz and Kessler Topaz. Both firms are highly experienced prosecuting claims under the federal securities laws and have, working together, jointly recovered more than $6 billion for investors in actions subject to the PSLRA. In fact, Bernstein Litowitz's and Kessler Topaz's joint investigation into the claims in this litigation resulted in Bernstein Litowitz filing *City of Hialeah Employees' Retirement System, et al. v. Becker, et al.*, No. 3:23-cv-01697-JD (N.D. Cal.)

(the "*City of Hialeah* Action"), which substantially benefited the class by significantly expanding the class period, adding claims under the Securities Act in connection with the Offerings, and adding claims against SVB's directors, underwriters, and auditor, KPMG LLP ("KPMG"). The expanded claims asserted in the *City of Hialeah* Action are particularly important here given SVB's bankruptcy. Accordingly, as the "most adequate plaintiff" under the PSLRA, Norges's and AP7's selection of Bernstein Litowitz and Kessler Topaz as Lead Counsel for the class should be approved. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("[T]he [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.") (citations omitted); *Musk*, 2023 WL 3082341, at *5 (appointing two firms as co-lead counsel).

## II. SUMMARY OF THE ACTION

SVB is a diversified financial services company and parent company of Silicon Valley Bank (the "Bank"). The Related Actions allege that, during the Class Period, some or all Defendants misrepresented the strength of the Company's balance sheet, liquidity, and position in the market. Among other things, the Defendants understated and concealed the magnitude of the risks facing the Company's business model that would result from any decision by the Federal Reserve System (the "Fed") raising the federal funds rate, thereby undermining the value of the Bank's securities portfolio and creating an environment in which the Bank's private equity and venture capital clients (who typically increase investment activity in lower interest rate environments) would conduct less business with the Bank, including maintaining lower levels of deposits. Additionally, the *City of Hialeah* Action expanded the theory of liability in the litigation by alleging that: (1) KPMG issued false and/or misleading clean audit reports in connection with SVB's Class Period annual reports in violation of the Exchange Act; and (2) the registration statements for approximately $8.4 billion in securities sold by SVB's underwriters during the Class Period contained false and misleading statements in violation of the Securities Act.

Investors began to learn the truth about the Company's financial situation on July 21, 2022, when SVB announced disappointing quarterly financial results and lowered its 2022 financial guidance, citing "unprecedented Fed tightening" and "meaningfully slowed PE and VC

investment," among other factors. On this news, the price of Company common stock declined $74.81 per share, or more than 17%, from a close of $436.17 per share on July 21, 2022, to close at $361.36 per share on July 22, 2022. Additional corrective information concerning liquidity pressure facing the Company surfaced on October 20, 2022, when SVB reported disappointing financial results for the third quarter of 2022 and further reduced its 2022 financial guidance. Critically, SVB acknowledged that "the challenging [interest rate and PE/VC investment] environment is pressuring balance sheet and NII growth, and [the Company] expect[s] these conditions to persist for the foreseeable future until public markets stabilize." On this news, the price of Company common stock declined $72.43 per share, or approximately 24%, from a close of $302.46 per share on October 20, 2022, to close at $230.03 per share on October 21, 2022.

After the market closed on March 8, 2023, and less than two weeks after KPMG signed off on the Company's 2022 annual report, investors were stunned when the Company announced that, due to "continued higher interest rates, pressured public and private markets, and elevated cash burn levels from [SVB's] clients," resulting in materially reduced levels of deposits by the Company's clients, SVB was seeking to raise $2.25 billion in capital to address its mushrooming liquidity issues. In the same press release, SVB also revealed that it had sold "substantially all of its available for sale securities portfolio," taking an approximately $1.8 billion loss on the sale. On this news, the price of Company stock declined $161.79 per share, or more than 60%, from a close of $267.83 per share on March 8, 2023, to close at $106.04 per share on March 9, 2023.

The Company's demise quickly followed these disclosures. On March 9, 2023, the financial media reported that VC investor Peter Thiel was advising companies to pull money from Silicon Valley Bank due to concerns about the Company's financial stability, leading to a bank run. In response, on March 10, 2023, Nasdaq halted trading in Company shares, and the California Department of Financial Protection and Innovation closed Silicon Valley Bank and appointed the Federal Deposit Insurance Company as the Bank's receiver.

Since the end of the Class Period on March 10, 2023, additional revelations about SVB's deficient risk controls have come to light. For example, on March 10, 2023, *Fortune* reported that

NOTICE OF MOTION AND MOTION OF NORGES BANK AND SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.
CASE NOS. 3:23-CV-01097-JD, *ET AL.*

6

the Bank did not have a Chief Risk Officer during an 8-month period from 2022 to 2023—a period of "difficult transition in the venture capital market" due to rising interest rates and slowed VC dealmaking. Then, on March 14, 2023, *The Wall Street Journal* reported that the U.S. Department of Justice ("DOJ") and the United States Securities and Exchange Commission ("SEC") had each opened investigations into the Bank's collapse. According to the report, the investigations were also looking into stock sales that SVB's executive officers made mere days before the Bank collapsed—with Becker selling approximately $3 million worth of shares on February 27, 2023, and Beck selling approximately $575,000 worth of shares on February 27, 2023.

SVB filed for Chapter 11 bankruptcy protection on March 17, 2023. Two days later, *The New York Times* revealed that the Federal Reserve Bank of San Francisco had "repeatedly warned the bank that it had problems." Then, on April 2, 2023, *The Washington Post* reported that SVB executives were personally aware, as early as 2020, that SVB's investment strategies violated its own risk metrics and exposed the Bank to substantial issues in the event of higher interest rates, yet disregarded these concerns in order to report substantial growth. Weeks later, on April 28, 2023, the Fed's Board of Governors released a 118-page report on SVB's failure, which noted that SVB's "board of directors and management failed to manage their risks," that SVB "failed its own internal liquidity stress tests" and even "changed its own risk-management assumptions to reduce how these risks were measured rather than fully addressing the underlying risks."

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, there are at least seven related class actions asserting claims under the

NOTICE OF MOTION AND MOTION OF NORGES BANK AND SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF. CASE NOS. 3:23-CV-01097-JD, *ET AL.*

7

federal securities laws on behalf of investors pending in this District:

| Case Caption | Date Filed | Claims/Class Period |
|---|---|---|
| *Vanipenta v. SVB Financial Group, et al.*, No. 3:23-cv-01097-JD (N.D. Cal.) | March 13, 2023 | Sections 10(b) and 20(a) of the Exchange Act; June 16, 2021, through March 10, 2023 |
| *Snook v. SVB Financial Group, et al.*, No. 3:23-cv-01173-JD (N.D. Cal.) | March 15, 2023 | Sections 10(b) and 20(a) of the Exchange Act; June 16, 2021, through March 10, 2023 |
| *Siddiqui v. Becker, et al.*, No. 3:23-cv-01228-JD (N.D. Cal.) | March 17, 2023 | Sections 10(b) and 20(a) of the Exchange Act; December 7, 2022, through March 8, 2023 |
| *City of Hialeah Employees' Retirement System, et al. v. Becker, et al.*, No. 3:23-cv-01697-JD (N.D. Cal.) | April 7, 2023 | Sections 11, 12(a)(2), and 15 of the Securities Act and Sections 10(b) and 20(a) of the Exchange Act; January 22, 2021, through March 10, 2023 |
| *International Union of Operating Engineers Local 132 Pension Fund v. SVB Financial Group, et al.*, No. 3:23-cv-01962-JD (N.D. Cal.) | April 24, 2023 | Sections 10(b) and 20(a) of the Exchange Act; November 5, 2020, through March 10, 2023 |
| *Stevenson v. Becker, et al.*, No. 5:23-cv-02277 (N.D. Cal.) | Removed to federal court on May 10, 2023 | Sections 11, 12(a)(2), and 15 of the Securities Act |
| *Rossi v. Becker, et al.*, No. 3:23-cv-02335 (N.D. Cal.) | Removed to federal court on May 12, 2023 | Sections 11, 12(a)(2), and 15 of the Securities Act |

Consolidation is appropriate under Rule 42(a) where the actions involve common questions of law or fact. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (quoting Fed. R. Civ. P. 42(a)). Here, the Related Actions assert overlapping claims under the Exchange Act and Securities Act against common defendants, across overlapping class periods, and concerning the same conduct. Accordingly, consolidation is appropriate. *See id.*

**B.**     **Norges and AP7 Are the Most Adequate Plaintiff**

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i); *see also*

*Cavanaugh*, 306 F.3d at 729 (discussing process for selecting a lead plaintiff under the PSLRA). As set forth below, Norges and AP7 believe they are the "most adequate plaintiff" and are entitled to be appointed as Lead Plaintiff.

### 1. Norges's and AP7's Motion Is Timely

The PSLRA allows any member of the class or group of class members to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, in connection with the filing of the class action, notice was published in *Business Wire* on March 13, 2023, alerting investors to the pendency of the action and informing them of the May 12, 2023 deadline to seek appointment as Lead Plaintiff. *See* Uslaner Decl., Ex. D. Accordingly, Norges's and AP7's Motion is timely.

### 2. Norges and AP7 Have the Largest Financial Interest

The PSLRA presumes that the most adequate plaintiff is the movant or movant group asserting the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 729-32. Here, Norges and AP7 suffered losses of approximately $161.8 million on a LIFO basis in connection with their Class Period transactions in SVB securities. *See* Uslaner Decl., Exs. A-B. To the best of Norges's and AP7's knowledge, there are no other lead plaintiff movants asserting a larger financial interest in this litigation. Accordingly, Norges and AP7 have the largest financial interest of any qualified movant or movant group seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3. Norges and AP7 Satisfy the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" to trigger the presumption of adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage, a presumptive lead plaintiff need only make "a prima facie showing of typicality and adequacy" under Rule 23. *Cavanaugh*, 306 F.3d at 731.

### a. Norges and AP7 Are Typical

The typicality requirement is satisfied where "[t]he named plaintiff's representative claims . . . are reasonably coextensive with those of absent class members." *Weston v. DocuSign, Inc.*, 2022 WL 1301770, at *3 (N.D. Cal. Apr. 18, 2022) (citation omitted). Norges and AP7 satisfy the typicality requirement because, just like all other proposed class members, Norges and AP7 seek recovery for the losses on their investments in SVB securities that they incurred as a result of Defendants' misrepresentations and omissions. Moreover, Norges's and AP7's purchases of SVB common stock during the Class Period, as well as Norges's purchases of notes issued by SVB during the Class Period, along with shares acquired in connection with SVB's purchase of wealth management company, Boston Private, give Norges and AP7 standing to assert claims under both the Securities Act and the Exchange Act. *See* Uslaner Decl., Ex. A. Thus, Norges and AP7 are typical of other class members.

### b. Norges and AP7 Are Adequate

The adequacy element of Rule 23 requires that the Lead Plaintiff "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Thus, the adequacy element asks: "(1) [d]o the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *DocuSign*, 2022 WL 1301770, at *3 (citation omitted).

Here, Norges and AP7 are adequate because their interest in vigorously pursuing claims against Defendants is aligned with the interests of other class members who were similarly harmed as a result of Defendants' false and misleading statements. There is no antagonism or potential conflict between Norges's and AP7's interests and those of the other members of the class, and Norges and AP7 are fully committed to vigorously pursuing the claims on behalf of the class.

Moreover, Norges's and AP7's Joint Declaration provides specific evidence of their adequacy and ability to function as a cohesive group. *See Pampena*, 2023 WL 3082341, at *4 (appointing group of investors that submitted joint declaration demonstrating ability to "work together effectively"). Here, the Joint Declaration establishes that both Norges and AP7 fully

NOTICE OF MOTION AND MOTION OF NORGES BANK AND SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.
CASE NOS. 3:23-CV-01097-JD, *ET AL.*

10

understand the Lead Plaintiff's responsibilities and obligations to the class under the PSLRA, which include acting as a fiduciary for all class members, staying informed about the litigation, participating in court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. *See* Uslaner Decl., Ex. C ¶¶ 3, 5, 12-13, 19-20. Norges and AP7 are willing and able to undertake these responsibilities to ensure the vigorous prosecution of this litigation. *See id.* Additionally, Norges and AP7 are committed to ensuring that this litigation is prosecuted in an efficient and effective manner. Specifically, Norges and AP7 have already taken measures to ensure that the claims of the class are vigorously and effectively prosecuted in the best interests of the class. Among other things, before seeking appointment as Lead Plaintiff, representatives of Norges and AP7 held a video conference call during which they discussed, among other things, the claims against Defendants, their strategy for jointly prosecuting the action, including the retention of forensic accounting experts, investment banking experts, and bankruptcy counsel, the benefits that the class will receive from the joint leadership of two sophisticated institutional investors, and the measures they have taken and will take to ensure that the class's claims will be zealously and efficiently litigated. *Id.* ¶¶ 12-13. To ensure the effective prosecution of this litigation, Norges and AP7 discussed with each other the importance of joint decision making, open communication, and the ability to confer, with or without counsel, on short notice in order to make timely decisions. *Id.* ¶ 13. In addition, Norges and AP7 directed their proposed Lead Counsel to enter into a joint prosecution agreement that outlines their proposed Lead Counsel's respective responsibilities and ensures there will be no duplication of effort and that the claims of the class are prosecuted vigorously yet efficiently, and which can be provided to the Court *in camera. Id.* ¶ 18. Further, while Norges and AP7 appreciate that any attorneys' fees in this litigation, if any, will be set by the Court, they take very seriously their obligation as Lead Plaintiff and have executed retainer agreements that limit the fees counsel may request. *Id.* ¶ 19. Through these and other measures, Norges and AP7 have sought to ensure that the class will receive the best possible representation.

NOTICE OF MOTION AND MOTION OF NORGES BANK AND SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.
CASE NOS. 3:23-CV-01097-JD, *ET AL.*

11

In addition to satisfying the requirements of Rule 23, Norges and AP7 are sophisticated institutional investors with combined assets under management of more than $1.3 trillion and are precisely the type of investors Congress sought to encourage to assume a more prominent role in securities litigation through the enactment of the PSLRA. *See* H.R. Rep. No. 104-369, at *34, *reprinted in* 1995 U.S.C.C.A.N. at 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because such investors are more apt to effectively manage complex securities litigation. *See id.* at *34-35, 1995 U.S.C.C.A.N. at 733-34. To this end, many courts have recognized a strong preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See, e.g.*, *In re Versata, Inc. Sec. Litig.*, 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) (finding that a movant's "institutional status is given great weight in assessing its adequacy as a plaintiff") (citation omitted); *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (appointing group of institutions as lead plaintiff that submitted declaration detailing discussions regarding "plans for joint oversight over the litigation and joint supervision of counsel"). In fact, AP7 has significant experience serving as a lead plaintiff under the PSLRA, including several actions where it served as a lead plaintiff and/or class representative alongside other institutional investors in overseeing Bernstein Litowitz and Kessler Topaz as lead or co-lead counsel. Cases where AP7 oversaw both Bernstein Litowitz and Kessler Topaz have resulted in recoveries exceeding $940 million for investors. *See, e.g.*, *In re Kraft Heinz Sec. Litig.*, No. 19-cv-1339 (RMD) (N.D. Ill.) ($450 million recovery preliminarily approved); *In re Luckin Coffee Inc. Sec. Litig.*, No. 1:20-cv-01293-JPC (S.D.N.Y.) ($175 million recovery); *In re JPMorgan Chase & Co. Sec. Litig.*, No. 1:12-cv-03852-GBD (S.D.N.Y.) ($150 million recovery); *In re Allergan Generic Drug Pricing Sec. Litig.,* No. 2:16-cv-09449-KSH-CLW (D.N.J.) ($130 million recovery); *La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-cv-00289-WKS (D. Vt.) ($36.5 million recovery).

AP7 is currently serving as lead plaintiff in this District in *In re Lucid Group, Inc. Securities Litigation*, 22-cv-02094-AMO (N.D. Cal.).

Further, Norges and AP7 have demonstrated their adequacy by selecting Bernstein Litowitz and Kessler Topaz to serve as Lead Counsel for the class. As discussed more fully below, Bernstein Litowitz and Kessler Topaz are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated their ability to jointly prosecute complex actions in an efficient, effective, and professional manner. *See infra* Section III.3.C. Moreover, Bernstein Litowitz's and Kessler Topaz's joint investigation into the claims in this litigation has resulted in Bernstein Litowitz filing the *City of Hialeah* Action, which has benefited the class by significantly expanding the class period, adding claims under the Securities Act, and adding claims against SVB's directors, underwriters, and auditor, KPMG. Given SVB filing for bankruptcy, the addition of these claims and Defendants is particularly valuable for the class's potential recovery.

In sum, Norges and AP7 have demonstrated their willingness, resources, and commitment to closely cooperate with each other to supervise Lead Counsel and obtain the best possible recovery for the class. Norges and AP7 are precisely the type of institutional investors that Congress sought to empower as Lead Plaintiff when enacting the PSLRA.

### C.   Norges's and AP7's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("[T]he [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.") (citations omitted). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See In re Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citation omitted). Here, Norges and AP7 have selected and retained Bernstein Litowitz and Kessler Topaz to serve as Lead Counsel for the class. *See Musk*, 2023 WL 3082341, at *5 (appointing two firms as co-lead counsel).

NOTICE OF MOTION AND MOTION OF NORGES BANK AND SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF. CASE NOS. 3:23-CV-01097-JD, *ET AL.*

13

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Uslaner Decl., Ex. E. Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which recoveries totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the class. Other significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-cv-20743 (N.D. Cal.) (recovering $1.05 billion for investors, the largest recovery ever in a securities class action in this District); *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.) (recovering $480 million for investors); and *In re Clarent Corp. Securities Litigation*, No. 01-cv-3361 (N.D. Cal.) (conducting a four-week trial and obtaining a favorable jury verdict finding the CEO and former auditor of the defendant company liable, leading to a recovery of millions of dollars for investors).[4]

Similarly, Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in the field. *See* Uslaner Decl., Ex. H. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); and *Luther v. Countrywide Fin. Corp.*, No. 2:12-CV-05125 MRP (MANx) (C.D. Cal.) ($500 million recovery). Kessler Topaz is also currently serving as lead counsel in several high profile

---

[4] Norges and AP7 bring to the Court's attention an order issued by the Honorable William Alsup in an unrelated action where Bernstein Litowitz has been serving as lead counsel for lead plaintiff SEB Investment Management AB, and class counsel for the certified class. *See SEB Inv. Mgmt. AB v. Symantec Corp.*, 2021 WL 1540996, at *1 (N.D. Cal. Apr. 20, 2021) (Uslaner Decl., Ex. F). Counsel for an unsuccessful lead plaintiff movant raised questions about Bernstein Litowitz's hiring of a former employee of the lead plaintiff. Following discovery and extensive briefing, the court allowed Bernstein Litowitz to continue as class counsel. *See id*. at *1-2. The court nevertheless ordered Bernstein Litowitz to bring the order to the attention of the court when seeking appointment as class counsel, and also to the decision maker for the proposed lead plaintiff who selects class counsel. *See id*. at *2. Norges and AP7 are aware of the order, and affirm their selection of Bernstein Litowitz as proposed Lead Counsel with Kessler Topaz. Importantly, the *Symantec* court granted final approval of a $70 million settlement achieved by SEB Investment Management AB and Bernstein Litowitz. In addition, courts throughout the country have repeatedly appointed Bernstein Litowitz as lead or class counsel in securities class actions after being apprised of the *Symantec* order. *See* Uslaner Decl., Ex. G (collecting cases)

NOTICE OF MOTION AND MOTION OF NORGES BANK AND SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.
CASE NOS. 3:23-CV-01097-JD, *ET AL.*

14

securities class actions across the country, including: *Sjunde AP-Fonden v. The Goldman Sachs Group, Inc.,* No. 18-cv-12084 (VSB) (S.D.N.Y.) (with AP7 serving as lead plaintiff); and *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.) (with AP7 serving as lead plaintiff). Kessler Topaz also obtained a rare jury verdict in investors' favor after a weeklong trial in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions at the time to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct).

Bernstein Litowitz and Kessler Topaz also have a history of successfully prosecuting securities fraud class actions together, including several cases against financial institutions arising from the subprime meltdown. These joint prosecutions have resulted in recoveries collectively exceeding $6 billion. *See, e.g.*, *In re Bank of America Corp. Sec., Derivative, and Employee Retirement Income Security Act (ERISA) Litig.*, No. 09-md-2058 (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Sec. & Bond/Notes Litig.*, No. 09-cv-6351 (S.D.N.Y.) ($627 million recovery); *In re Lehman Bros. Equity/Debt Sec. Litig.*, No. 08-cv-5523 (S.D.N.Y.) ($615 million recovery); *In re Kraft Heinz Sec. Litig.*, No. 19-cv-1339 (RMD) (N.D. Ill.) ($450 million recovery, preliminarily approved, with AP7 as co-lead plaintiff); *In re Luckin Coffee Inc. Sec. Litig.*, No. 20-cv-1292 (S.D.N.Y.) ($175 million recovery with AP7 as co-lead plaintiff); *In re JPMorgan Chase & Co. Sec. Litig.*, No. 12-cv-3852 (S.D.N.Y.) ($150 million recovery with AP7 as co-lead plaintiff); and *In re Allergan Generic Drug Pricing Sec. Litig.*, No. 16-cv-09449-KSH-CLW (D.N.J.) ($130 million recovery with AP7 as co-lead plaintiff).

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve Norges's and AP7's selection of Bernstein Litowitz and Kessler Topaz as Lead Counsel for the class.

## IV. CONCLUSION

For the reasons discussed above, Norges and AP7 respectfully request that the Court consolidate the Related Actions, appoint Norges and AP7 as Lead Plaintiff, and approve their selection of Bernstein Litowitz and Kessler Topaz as Lead Counsel for the class.

NOTICE OF MOTION AND MOTION OF NORGES BANK AND SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.
CASE NOS. 3:23-CV-01097-JD, *ET AL.*

15

Dated: May 12, 2023

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:   (310) 819-3470

      -and-

GERALD H. SILK
(jerry@blbglaw.com)
HANNAH ROSS
(hannah@blbglaw.com)
AVI JOSEFSON
(avi@blbglaw.com)
SCOTT R. FOGLIETTA
(scott.foglietta@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel:   (212) 554-1400
Fax:  (212) 554-1444

**KESSLER TOPAZ MELTZER
  & CHECK, LLP**

JENNIFER L. JOOST (Bar No. 296164)
(jjoost@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:   (415) 400-3000
Fax:  (415) 400-3001

      -and-

NAUMON A. AMJED
(namjed@ktmc.com)
DARREN J. CHECK
(dcheck@ktmc.com)
RYAN T. DEGNAN
(rdegnan@ktmc.com)
280 King of Prussia Road
Radnor, PA 19087
Tel:   (610) 667-7706
Fax:  (610) 667-7056

NOTICE OF MOTION AND MOTION OF NORGES BANK AND SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF. CASE NOS. 3:23-CV-01097-JD, *ET AL.*

16

*Counsel for Proposed Lead Plaintiff Norges Bank and Sjunde AP-Fonden, and Proposed Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470

NOTICE OF MOTION AND MOTION OF NORGES BANK AND SJUNDE AP-FONDEN FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.
CASE NOS. 3:23-CV-01097-JD, *ET AL.*