**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
STACEY M. KAPLAN (Bar No. 241989)
skaplan@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Counsel for Proposed Lead Plaintiff City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, and Center for Interventional Medicine, LLC, and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LISA MARIE BARSULI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOODRX HOLDINGS, INC., DOUGLAS HIRSCH, TREVOR BEZDEK, and KARSTEN VOERMANN,<br><br>Defendants. | Case No. 2:24-cv-03282 AB(AJRx)<br><br>CLASS ACTION<br><br>**CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC's *EX PARTE* APPLICATION FOR LEAVE TO FILE [PROPOSED] SUR-REPLY IN RESPONSE TO THE KALMANSON FAMILY'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        July 19, 2024<br>Time:        10:00 a.m.<br>Courtroom:  7B<br>Judge:       Hon. André Birotte Jr.<br><br>ORAL ARGUMENT REQUESTED |

CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC'S *EX PARTE* APPLICATION FOR LEAVE TO FILE [PROPOSED] SUR-REPLY IN RESPONSE TO THE KALMANSON FAMILY'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 2:24-CV-03282 AB(AJRx)

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL:**

PLEASE TAKE NOTICE that Proposed Lead Plaintiff City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, ("Bethlehem") and Center for Interventional Medicine, LLC ("CIM"),[1] through and by their counsel, hereby applies to the Court *ex parte* for a Court Order to allow Bethlehem and CIM to file a sur-reply in response to the Kalmanson Family's reply memorandum of points and authorities in further support of their motion for appointment as Lead Plaintiff and approval of their selection of Pomerantz LLP as lead counsel and in opposition to the competing motion of Bethlehem and CIM (ECF No. 62, the "Kalmanson Family Reply"). *Ex parte* relief is requested to provide the Court with a full record before the scheduled July 19, 2024 hearing on the pending motions for appointment of lead plaintiff and lead counsel.

Pursuant to Local Civil Rule 7-19.1, Bethlehem and CIM have provided notice of this *Ex Parte* Application to counsel for the Kalmanson Family and inquired as to whether the Kalmanson Family would oppose this Application. *See* Declaration of Stacey M. Kaplan in Support of City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, and Center for Interventional Medicine, LLC's *Ex Parte* Application for Leave to File [Proposed] Sur-Reply in Response to the Kalmanson Family's Reply Memorandum of Points and Authorities ("Kaplan Decl."), Ex. C. Counsel of record for the Kalmanson Family is:

---

[1]     Unless otherwise noted, all emphases are added, all internal alterations, citations, and quotation marks are omitted, and all capitalized but undefined terms have the meanings ascribed in Bethlehem and CIM's opening memorandum of points and authorities (ECF No. 25-1, "Opening Br."), response memorandum of points and authorities (ECF No. 53, "Response Br."), and reply memorandum of points and authorities (ECF No. 61, "Reply Br.").

Pomerantz LLP

Jennifer Pafiti (SBN 282790)

1100 Glendon Avenue, 15th Floor

Los Angeles, California 90024

Telephone: (310) 405-7190

Facsimile: (917) 463-1044

jpafiti@pomlaw.com

Pomerantz LLP

Joshua B. Silverman (admitted *pro hac vice*)

10 South LaSalle Street, Suite 3505

Chicago, Illinois 60603

Telephone: (312) 377-1181

Facsimile: (312) 229-8811

jbsilverman@pomlaw.com

On July 12, 2024, counsel for Bethlehem and CIM discussed the substance of the [Proposed] Sur-Reply Memorandum of Points and Authorities in Further Support of the Motion of City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, and Center for Interventional Medicine, LLC for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("[Proposed] Sur-Reply") with Joshua B. Silverman. Mr. Silverman is admitted to appear *pro hac vice* on behalf of the Kalmanson Family in this case. *See* ECF Nos. 59 (Application of Non-Resident Attorney to Appear in a Specific Case *Pro Hac Vice*) & 60 (Order granting Application of Non-Resident Attorney to Appear in a Specific Case *Pro Hac Vice*). Mr. Silverman, as Counsel for the Kalmanson Family, stated that the Kalmanson Family opposes this *Ex Parte* Application. *See* Kaplan Decl., Ex. C.

This Application is based upon this Notice, the accompanying Memorandum of Points and Authorities in Support thereof, the Kaplan Decl. and all exhibits attached thereto, including Bethlehem and CIM's [Proposed] Sur-Reply, *see* Kaplan Decl., Ex. A, and the [Proposed] Sur-Reply Declaration of Stacey M. Kaplan in Further Support of the Motion of City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, and Center for Interventional Medicine, LLC for Appointment as Lead Plaintiff and

CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC'S *EX PARTE* APPLICATION FOR LEAVE TO FILE [PROPOSED] SUR-REPLY IN RESPONSE TO THE KALMANSON FAMILY'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 2:24-CV-03282 AB(AJRx)                                                                2

Approval of Selection of Counsel ("Kaplan [Proposed] Sur-Reply Decl.") and all exhibits attached thereto, *see* Kaplan Decl., Ex. B.

This *Ex Parte* Application is made on the grounds that Lead Plaintiff movant, the Kalmanson Family, raised new arguments in the Kalmanson Family Reply, necessitating a sur-reply.

WHEREFORE, Bethlehem and CIM respectfully request that the Court grant their *Ex Parte* Application and enter a written order granting them leave to file their [Proposed] Sur-Reply, *see* Kaplan Decl., Ex. A, and the Kaplan [Proposed] Sur-Reply Decl. and all exhibits attached thereto, *see* Kaplan Decl., Ex. B.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

This District's automatic briefing schedule does not provide for a sur-reply in the event that there is new argument or evidence raised in a movant's reply, without a prior written order of the Court. *See* L.R. 7-10.

On June 21, 2024, Bethlehem and CIM filed a timely motion under the PSLRA for an order: (1) appointing Bethlehem and CIM as Lead Plaintiff; (2) approving their selection of Kessler Topaz as Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper. *See* ECF No. 25. In addition to Bethlehem and CIM's motion, motions seeking appointment as Lead Plaintiff were also filed by six additional movants.[2] Subsequently, notices of non-opposition to competing motions or notices of withdrawal of motion were filed by five of those six

---

[2]    Those additional movants include: Walter Frisbie (ECF No. 17); Rajeev Chowdhry (ECF No. 21); Steven J. DiMichele (ECF No. 30); Keith Puopolo (ECF No. 34); Betty Kalmanson, Lawrence Kalmanson, and Shawn Kalmanson (the Kalmanson Family) (ECF No. 38); and Joel Greenberg (ECF No. 42).

CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC'S *EX PARTE* APPLICATION FOR LEAVE TO FILE [PROPOSED] SUR-REPLY IN RESPONSE TO THE KALMANSON FAMILY'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 2:24-CV-03282 AB(AJRx)                                                                                  3

movants.[3]  As a result, only Bethlehem and CIM and the Kalmanson Family remain as the competing movants.

On June 28, 2024, Bethlehem and CIM, as well as the Kalmanson Family, each filed a response to competing motions for appointment as lead plaintiff.  *See* Response Br.; ECF No. 49.  Reply briefs were each filed by Bethlehem and CIM, and the Kalmanson Family, on July 5, 2024.  *See* Reply Br.; Kalmanson Family Reply.

The Kalmanson Family Reply, however, raised two new arguments.  First, the Kalmanson Family cited to *In re BankAtlantic Bancorp, Inc. Securities Litigation*, 851 F. Supp. 2d 1299, 1313-14, 1324 (S.D. Fla. 2011) in a meritless attempt to equate their failure to oversee their counsel in an earlier case against GoodRx (*GoodRx I*) with a nearly thirteen-year-old case that does not involve the Proposed Lead Plaintiff (Bethlehem and CIM) herein and is from a different circuit.  Second, the Kalmanson Family asserted that Bethlehem and CIM failed to apprise the Court as to "what actually happened" with respect to Judge Carter's highly negative comments about the conduct of the Kalmanson Family's counsel in *GoodRx I*, and the Kalmanson Family further incorrectly claimed that Bethlehem and CIM's counsel (Kessler Topaz) engaged in similar conduct in *In re SVB Financial Group Securities Litigation*, No. 3:23-cv-01097-JD (N.D. Cal.).  Kalmanson Family Reply at 4, 6.

The Kalmanson Family's introduction of arguments based on *BankAtlantic* and *SVB* for the first time in the Kalmanson Family Reply constitutes new arguments and evidence that necessitates the filing of a brief sur-reply by Bethlehem and CIM to provide the Court with a full and accurate record.  Simple fairness and due process call for Bethlehem and CIM to have the opportunity, through the attached [Proposed] Sur-

---

[3]    *See* ECF No. 46 (Walter Frisbie's notice of non-opposition); ECF No. 47 (Steven J. DiMichele's notice withdrawing ECF No. 30); ECF No. 48 (Rajeev Chowdhry's notice withdrawing ECF No. 21); ECF No. 50 (Keith Puopolo's notice withdrawing ECF No. 34); ECF No. 54 (Joel Greenberg's corrected notice of non-opposition).

Reply, *see* Kaplan Decl., Ex. A, to address this new material, even if only briefly. A brief sur-reply will not delay these proceedings.

## I.    LEGAL ARGUMENT

"In order to obtain *ex parte* relief, the applicant must show that it will be irreparably prejudiced if its application is heard according to regular noticed motion procedures." *Paydirt Gold Co., LLC v. Burdock & Assocs., Inc.*, No. 2:21-cv-9782-AB-PLA, 2023 WL 3150102, at *1 (C.D. Cal. Mar. 27, 2023) (Birotte, J.). "The applicant must also establish that it is without fault in creating the urgency that necessitates *ex parte* relief." *Id.*

Here, Bethlehem and CIM would be irreparably prejudiced if they followed regular noticed motion procedures to obtain leave to file a sur-reply because this District's automatic briefing schedule would conclude the briefing on that limited motion on a date well beyond July 19, 2024, the date on which the hearing on Bethlehem and CIM's lead plaintiff motion is set to be heard. *See id.* (granting *ex parte* application where "it is apparent that [p]laintiff's motion could not be heard according to the regular notice motion procedures" prior to an already scheduled hearing date). Additionally, through no fault of their own, Bethlehem and CIM could not have anticipated needing to file a sur-reply to respond to the Kalmanson Family's arguments based on *BankAtlantic* and *SVB* because these arguments were first raised in the Kalmanson Family Reply. Therefore, in "the interest of deciding the merits based on a fully developed record, . . . there is good cause to permit [Bethlehem and CIM] to file a sur-reply." *Burdock*, 2023 WL 3150102 at *1. Accordingly, this *Ex Parte* Application should be granted. *See id.*

Indeed, the Ninth Circuit has recognized that where new evidence or argument is presented in a reply brief, the district court should not consider the new evidence or argument without giving the opposing party an opportunity to respond. *See Provenz*

*v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Crowder v. Blue Cross of Cal.*, No. CV 14-04747 MMM (CWx), 2014 WL 8397146, at *2-3 (C.D. Cal. Oct. 23, 2014) ("It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than [those that were] presented in the moving papers. . . . [and] [i]f the court elects to consider new material included in a reply, however, it must afford the opposing party an opportunity to respond.") (brackets in original); *U.S. ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Ass'n of Irritated Residents v. C & R Vanderham Dairy,* 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief."). Courts in this Circuit further recognize that when a reply brief raises new issues, the opposing party may move the Court to file a sur-reply.  *See Alaska Wildlife All. v. Jensen*, 108 F.3d 1065, 1068 n.5 (9th Cir. 1997); *see also Animal Legal Def. Fund v. U.S. Dep't of Agric.*, No. 17-cv-00949-WHO, 2017 WL 3478848, at *2 n.1 (N.D. Cal. Aug. 14, 2017) (allowing sur-reply where new arguments were raised in reply); *Banks v. Cnty. of San Mateo*, Nos. 16-CV-04455-YGR, *et al*., 2017 WL 3434113, at *1 n.3 (N.D. Ca. Aug. 10, 2017) (same).

This standard is met here because the Kalmanson Family offers new evidence and argument for the first time in the Kalmanson Family Reply, *see id*. at 4, 6, and Bethlehem and CIM's [Proposed] Sur-Reply is necessary to respond to these new arguments and evidence.  Accordingly, Bethlehem and CIM respectfully request the Court's permission to file their [Proposed] Sur-Reply.

## CONCLUSION

For the reasons stated above, Bethlehem and CIM respectfully request that this Court grant their *Ex Parte* Application and enter a written order granting them leave

to file their [Proposed] Sur-Reply, *see* Kaplan Decl., Ex. A, and the Kaplan [Proposed] Sur-Reply Decl. and all exhibits attached thereto, *see* Kaplan Decl., Ex. B.

Dated: July 12, 2024                    Respectfully submitted,

                                        **KESSLER TOPAZ
                                          MELTZER & CHECK, LLP**

                                        */s/ Stacey M. Kaplan*
                                        STACEY M. KAPLAN (Bar No. 241989)
                                        skaplan@ktmc.com
                                        One Sansome Street, Suite 1850
                                        San Francisco, CA 94104
                                        Telephone: (415) 400-3000
                                        Facsimile: (415) 400-3001

                                        -and-

                                        Naumon A. Amjed (admitted *pro hac vice*)
                                        namjed@ktmc.com
                                        280 King of Prussia Road
                                        Radnor, PA 19087
                                        Telephone: (610) 667-7706
                                        Facsimile: (610) 667-7056

                                        *Counsel for Proposed Lead Plaintiff City of
                                        Bethlehem, as Trustee of the City of
                                        Bethlehem Pension Fund, and Center for
                                        Interventional Medicine, LLC, and Proposed
                                        Lead Counsel for the Class*


                                        **LARSON LLP**
                                        STEPHEN G. LARSON (Bar No. 145225)
                                        slarson@larsonllp.com
                                        PAUL A. RIGALI (Bar No. 262948)
                                        prigali@larsonllp.com
                                        555 South Flower Street, 30th Floor
                                        Los Angeles, CA 90071
                                        Telephone: (213) 436-4888
                                        Facsimile: (213) 623-2000

                                        *Local Counsel for Proposed Lead Plaintiff
                                        City of Bethlehem, as Trustee of the City of
                                        Bethlehem Pension Fund, and Center for
                                        Interventional Medicine, LLC*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Proposed Lead Plaintiff City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, and Center for Interventional Medicine, LLC certifies that this brief contains 1,864 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order.

Dated: July 12, 2024                     */s/ Stacey M. Kaplan*
                                         STACEY M. KAPLAN (Bar No. 241989)