# EXHIBIT A

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
STACEY M. KAPLAN (Bar No. 241989)
skaplan@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Counsel for Proposed Lead Plaintiff City of
Bethlehem, as Trustee of the City of
Bethlehem Pension Fund, and Center for
Interventional Medicine, LLC, and Proposed
Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LISA MARIE BARSULI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GOODRX HOLDINGS, INC., DOUGLAS HIRSCH, TREVOR BEZDEK, and KARSTEN VOERMANN, <br><br> Defendants. | Case No. 2:24-cv-03282 AB(AJRx) <br><br> CLASS ACTION <br><br> **[PROPOSED] SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** <br><br> Date: July 19, 2024 <br> Time: 10:00 a.m. <br> Courtroom: 7B <br> Judge: Hon. André Birotte Jr. <br><br> ORAL ARGUMENT REQUESTED |

[PROPOSED] SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
CASE NO. 2:24-CV-03282 AB(AJRx)

Exhibit A
Page 2

Proposed Lead Plaintiff City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, ("Bethlehem") and Center for Interventional Medicine, LLC ("CIM"), by and through their counsel, respectfully submit this [Proposed] Sur-Reply Memorandum of Points and Authorities in further support of their motion for appointment as Lead Plaintiff and approval of their selection of Lead Counsel for the class (ECF No. 25) and in opposition to the Motion of the Kalmanson Family for Appointment as Lead Plaintiff and Approval of Lead Counsel (ECF No. 38).[1]  In addition to their initial motions, both Bethlehem and CIM, and the Kalmanson Family, each filed a response brief on June 28, 2024 (*see* Response Br. & ECF No. 49), and each remaining movant filed a reply brief on July 5, 2024.  *See* Reply Br. & ECF No. 62 (the "Kalmanson Family Reply").

## I.   PRELIMINARY STATEMENT

The Kalmanson Family Reply ignores the crux of Bethlehem and CIM's argument that they—not counsel—are unable to meet Rule 23's adequacy requirement as is necessary for appointment under the PSLRA.  Rather than respond to the actual arguments made in the briefing, the Kalmanson Family Reply attempts to disparage Bethlehem and CIM's counsel by introducing new arguments based on distinguishable case law and incorrect assumptions.

***First***, the Kalmanson Family inexplicably cites *In re BankAtlantic Bancorp, Inc. Securities Litigation*, 851 F. Supp. 2d 1299 (S.D. Fla. 2011), *aff'd sub nom.*, *Hubbard, v. BankAtlantic Bancorp, Inc.*, 503 F. App'x 677 (11th Cir. 2012)—a nearly thirteen-year-old order involving Bethlehem and CIM's counsel, but with a ***different*** lead

---

[1]   Unless otherwise noted, all emphases are added, all internal alterations, citations, and quotation marks are omitted, and all capitalized but undefined terms have the meanings ascribed in Bethlehem and CIM's opening memorandum of points and authorities (ECF No. 25-1, "Opening Br."), response memorandum of points and authorities (ECF No. 53, "Response Br."), and reply memorandum of points and authorities (ECF No. 61, "Reply Br.").

[PROPOSED] SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
CASE NO. 2:24-CV-03282 AB(AJRx)

plaintiff, *different* defendants, from a *different* jurisdiction, and involving wholly *different* facts—in an effort to minimize Judge Carter's refusal to grant the Kalmanson Family's unopposed motion in *GoodRx I*.  Importantly, *BankAtlantic* involved a minor issue regarding the time period in which a confidential witness worked in a particular department—a fact that was immaterial to the court's ruling on defendants' motion to dismiss.  *See* 851 F. Supp. 2d at 1321 (describing allegations as "not amount[ing] to a substantial failure" and which "did not affect the Court's denial of [d]efendants' [m]otion to [d]ismiss").  Notably, *BankAtlantic* has never been cited by any court to question Bethlehem and CIM's counsel's professionalism or ability to serve as lead counsel under the PSLRA.

*Second*, the Kalmanson Family incorrectly argues that Bethlehem and CIM's counsel's conduct in *In re SVB Financial Group Securities Litigation*, No. 3:23-cv-01097-JD (N.D. Cal.) is analogous to the Kalmanson Family's counsel's actions in *GoodRx I* because only Pennsylvania-based counsel from Kessler Topaz made an appearance during the September 14, 2023 hearing on the appointment of lead plaintiff and lead counsel.  Not so.  In *SVB*, California counsel from Kessler Topaz, who was listed on the lead plaintiff papers in that case, was *present in the courtroom* even after out-of-state counsel's *pro hac vice* appearance had been approved by the court almost a month earlier.  If Judge Donato had questions for California counsel during the September 14, 2023 hearing, California counsel would have been available to appropriately address the court.  This situation is wholly at odds with *GoodRx I*, which involved an appearance by the Kalmanson Family's counsel prior to being admitted to appear *pro hac vice* by Judge Carter and without the attendance of the California attorney who filed the lead plaintiff papers.  The Kalmanson Family's attempt to minimize Judge Carter's concerns as a "good-faith misunderstanding" is not supported by the court's statements in *GoodRx I* where Judge Carter stated, among other things,

[PROPOSED] SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
CASE NO. 2:24-CV-03282 AB(AJRx)

2

Exhibit A
Page 4

that his "confidence level sunk" in the Kalmanson Family's counsel following the initial hearing. Kalmanson Family Reply at 7; ECF No. 53-3 at 13. These serious comments, and the court's suggestion that a second law firm be included as co-lead counsel in *GoodRx I*, should have triggered heightened oversight and attention by the Kalmanson Family when proposing in this case the exact structure Judge Carter refused to endorse in *GoodRx I*. Additional assurances have still not been provided despite three rounds of briefing. The Kalmanson Family ultimately avoided Judge Carter making a full record of his concerns by accepting the court's suggestion to permit the involvement of a second law firm as co-lead counsel. The Kalmanson Family's argument equating their conduct to *SVB* is simply meritless.

## II. ARGUMENT

### A. *BankAtlantic* is Not Analogous to *GoodRx I*

The Kalmanson Family, apparently in an attempt to distract the Court from their own conduct, raises *BankAtlantic*, a case from nearly thirteen years ago involving Bethlehem and CIM's counsel, but otherwise wholly different parties to the instant matter. In that case, Judge Ursula Ungaro of the United States District Court for the Southern District of Florida appointed an unrelated law firm as lead counsel on February 5, 2008. *See* 851 F. Supp. 2d at 1304. Kessler Topaz was added as co-class counsel, and Kessler Topaz's client was added as co-class representative, on October 20, 2009, at the class certification stage. *See id.* at 1304-05.[2]

On August 3, 2011, Judge Ungaro found that the inclusion of testimony from one of six confidential witnesses constituted a violation because the pleadings in the case incorrectly stated the time period during which the witness worked within a particular BankAtlantic Bancorp department. *See id.* at 1313-14, 1321. The court

---

[2] Kessler Topaz was formerly known as Barroway Topaz Kessler Meltzer & Check, LLP.

[PROPOSED] SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
CASE NO. 2:24-CV-03282 AB(AJRx)

Exhibit A
Page 5

3

ultimately concluded, however, that this violation did not constitute a "substantial failure" to comply with the applicable rules.  *Id.* at 1321.

*BankAtlantic* has no bearing on Bethlehem and CIM's counsel's adequacy or professionalism, and, critically, this order has never been cited by any court to suggest that Kessler Topaz should partner with another law firm because a court lacked confidence in Kessler Topaz.  To the contrary, Kessler Topaz has been and continues to be appointed as lead and co-lead counsel by courts across the United States and specifically in this District.  *See e.g.*, *Crews v. Rivian Auto., Inc.*, Nos. 2:22-cv-01524-RGK-Ex, *et al.*, 2022 WL 17883615, at *5 (C.D. Cal. July 1, 2022) (Klausner, J.) (appointing Kessler Topaz as sole lead counsel and noting that Kessler Topaz is "a firm with extensive experience in securities class actions"); *Lopez v. Ageagle Aerial Sys., Inc.*, No. 2:21-cv-01810-CAS (Ex), 2021 WL 2377343, at *4, *6 (C.D. Cal. June 7, 2021) (Snyder, J.) (appointing Kessler Topaz as sole lead counsel); *In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR, 2019 WL 2223800, at *4 (C.D. Cal. Apr. 1, 2019) (Wilson, J.) (appointing Kessler Topaz as sole lead counsel and stating that "Kessler Topaz specializes in class action litigation and has prosecuted numerous other securities fraud class actions."); *Longo v. OSI Sys., Inc.*, No. LA 17-cv-08841 VAP (SKx), 2018 WL 4860145, at *6 (C.D. Cal. Mar. 1, 2018) (Phillips, J.) ("A review of Kessler Topaz's resume reveals it has relevant experience litigating securities class action suits such as this one and has obtained successful outcomes for their clients in such cases"); *Basile v. Valeant Pharms. Int'l, Inc.*, No. SACV 14-2004 DOC(ANx), 2015 WL 13652714, at *2 (C.D. Cal. May 5, 2015) (Carter, J.) (appointing Kessler Topaz as co-lead counsel); *Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM (PJWx), 2011 WL 13130706, at *14 (C.D. Cal. Mar. 15, 2011) (Morrow, J.) (appointing Kessler Topaz as sole lead counsel and noting that the firm "has been appointed sole or co-lead counsel in numerous complex securities class actions in this

[PROPOSED] SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
CASE NO. 2:24-CV-03282 AB(AJRx)

Exhibit A
Page 6

4

district and around the country"); *Kusen v. Herbert*, No. 23-cv-02940-AMO, 2023 WL 8171736, at *10 (N.D. Cal. Nov. 24, 2023) (Martínez-Olguín, J.) ("Kessler Topaz . . . [has] extensive experience litigating PSLRA matters, and courts in this district and elsewhere have routinely appointed them to act as lead counsel in such cases."); *see also* [Proposed] Sur-Reply Declaration of Stacey M. Kaplan in Further Support of the Motion of City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, and Center for Interventional Medicine, LLC for Appointment as Lead Plaintiff and Approval of Selection of Counsel (the "Kaplan [Proposed] Sur-Reply Decl."), Ex. A (Supplemental Order Re Class Counsel, *In re SVB Fin. Grp. Sec. Litig.*, No. 3:23-cv-01097-JD (N.D. Cal. Dec. 28, 2023), ECF No. 87 (Donato, J.) (appointing Kessler Topaz as co-lead counsel)).[3]

### B.     The Kalmanson Family's Assertions Regarding *SVB* are Wrong

The Kalmanson Family also seeks to minimize the actions of its counsel in *GoodRx I* by incorrectly stating that Bethlehem and CIM's counsel is guilty of the same conduct. *See* Kalmanson Family Reply at 6. Specifically, the Kalmanson Family argues that, at the lead plaintiff hearing in *SVB*, the "California-barred attorney [from Kessler Topaz] was not in attendance," that "the only Kessler Topaz attorney who appeared at the hearing was based in Pennsylvania," and that "[a]t no point in the hearing did the Pennsylvania-based attorney offer, nor did the court demand, any explanation as to the whereabouts of his California-barred colleague." *Id.*

---

[3]     To the extent a comparison of counsel's qualifications is relevant, there are more recent examples than *BankAtlantic* (and from within this Circuit) that merit consideration. *See In re TerraVia Holdings, Inc. Sec. Litig.*, No. 16-cv-06633-JD, 2022 WL 3031007, at *1-2 (N.D. Cal. July 21, 2022) (Donato, J.) (ordering the Pomerantz firm "to show cause in writing why the Court should not impose sanctions for the professional conduct violations outlined in this order" and stating "the Pomerantz firm's handling of this case on behalf of the putative class has been very troubling"). The Kalmanson Family's counsel did not request a fee in this case and Judge Donato ultimately did not impose any sanctions.

[PROPOSED] SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
CASE NO. 2:24-CV-03282 AB(AJRx)

Exhibit A
Page 7

5

In *SVB*, Bethlehem and CIM's counsel was admitted to appear *pro hac vice* by the Honorable James Donato of the United States District Court for the Northern District of California nearly a month prior to the September 14, 2023 lead plaintiff hearing. *See* Kaplan [Proposed] Sur-Reply Decl. at Exs. B & C (*Vanipenta v. SVB Fin. Grp.*, No. 3:23-cv-01097-JD (N.D. Cal.), ECF Nos. 65 (Application for Admission of Attorney Pro Hac Vice, Aug. 15, 2023) & 66 (Order Granting Application for Admission of Attorney Pro Hac Vice, Aug. 16, 2023)). Moreover, California counsel, who was listed on Kessler Topaz's motions in *SVB,* was present in the courtroom during the hearing (despite not making an appearance) and was available to address the court if questioned. *See id*. at Ex. D (Declaration of Naumon A. Amjed (attesting to the presence of California counsel in the courtroom)).

Additionally, the Kalmanson Family characterizes its counsel's actions in *GoodRx I* as a "good-faith misunderstanding" with Judge Carter, reasoning that Judge Carter did not have substantial issues with the Kalmanson Family or its counsel because they were ultimately appointed as co-lead plaintiff and co-lead counsel, respectively. Kalmanson Family Reply at 5-7. Nothing in the *GoodRx I* transcripts remotely suggests that Judge Carter viewed the situation as a "misunderstanding." Rather, the court's comments plainly demonstrate Judge Carter's concerns for how the class would be represented during the litigation. *See* ECF No. 53-3 at 10, 13 (informing the Kalmanson Family's counsel that "after the last appearance, I doubt seriously that I will be appointing you solely, and your law firm solely, as lead counsel in the matter" and that "I don't want to cause any harm to your law firm. . . . but there will be another law firm if you remain on this case" because "my confidence level sunk after the first appearance, frankly"). Judge Donato never expressed any similar concerns in *SVB*.

[PROPOSED] SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
CASE NO. 2:24-CV-03282 AB(AJRx)

Exhibit A
Page 8

6

## III.   CONCLUSION

For the reasons set forth above and in its prior filings, Bethlehem and CIM respectfully request that the Court: (1) appoint Bethlehem and CIM as Lead Plaintiff; (2) approve the selection of Kessler Topaz as Lead Counsel for the class; and (3) grant such other relief as the Court may deem just and proper.

Dated: July 12, 2024

Respectfully submitted,

**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**

*/s/ Stacey M. Kaplan*
STACEY M. KAPLAN (Bar No. 241989)
skaplan@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

Naumon A. Amjed (admitted *pro hac vice*)
namjed@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Proposed Lead Plaintiff City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, and Center for Interventional Medicine, LLC, and Proposed Lead Counsel for the Class*

**LARSON LLP**
STEPHEN G. LARSON (Bar No. 145225)
slarson@larsonllp.com
PAUL A. RIGALI (Bar No. 262948)
prigali@larsonllp.com
555 South Flower Street, 30th Floor
Los Angeles, CA 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

[PROPOSED] SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
CASE NO. 2:24-CV-03282 AB(AJRx)

7

*Local Counsel for Proposed Lead Plaintiff City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, and Center for Interventional Medicine, LLC*

[PROPOSED] SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
CASE NO. 2:24-CV-03282 AB(AJRx)

Exhibit A
Page 10

8

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Proposed Lead Plaintiff City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, and Center for Interventional Medicine, LLC certifies that this brief contains 2,016 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order.

Dated: July 12, 2024            /s/ Stacey M. Kaplan
                                STACEY M. KAPLAN (Bar No. 241989)

[PROPOSED] SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
CASE NO. 2:24-CV-03282 AB(AJRx)