POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (917) 463-1044
jpafiti@pomlaw.com

*Counsel for Movant the Kalmanson Family
and Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE BARSULI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOODRX HOLDINGS, INC., DOUGLAS HIRSCH, TREVOR BEZDEK, and KARSTEN VOERMANN,<br><br>Defendants. | Case No. 2:24-cv-03282-AB-AJR<br><br><br><br>Hon. André Birotte Jr.<br><br><br>**MOVANT KALMANSON FAMILY'S RESPONSE TO *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY** |

Movant the Kalmanson Family[1] respectfully responds as follows to the *ex parte* motion of City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, and Center for Interventional Medicine, LLC ("Bethlehem/CIM") to file a sur-reply to Kalmanson Family's motion for appointment (Dkt. No. 65):

## I.    Bethlehem/CIM'S Proposed Sur-Reply Has No Relevance to Lead Plaintiff Appointment

Bethlehem/CIM's sprawling *ex parte* motion, which spans nearly 40 pages with exhibits, has no relevance whatsoever to the two issues before this Court: (1) does Kalmanson Family have the greatest financial interest, requiring a presumption that it is the "most adequate plaintiff," *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); and (2) has Bethlehem/CIM rebutted that presumption with evidentiary proof that the movant with the largest financial interest is atypical or inadequate, *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Instead, the motion is simply an attempt to deflect attention from the lead plaintiff standards required by the PSLRA, which support appointing the Kalmanson Family.

Bethlehem/CIM's proposed sur-reply does not dispute that the Kalmanson Family has *by far* the largest financial interest, has hired experienced counsel, and was injured by the exact same conduct as putative class members. Nor does it address the standard for rebutting the adequacy of the movant with the largest financial interest, which the Ninth Circuit articulated in *In re Mersho*:

> The presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class; or [] is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb). ***But just because "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient."*** *In re Cavanaugh*, 306 F.3d at 729 n.2. ***The statute requires proof that the presumptive lead plaintiff is not adequate****. Id*. . . . If the presumption is not rebutted, the presumptively most adequate plaintiff must be selected as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i).

---

[1] All capitalized terms herein are defined in the Kalmanson Family's moving or opposition briefs, unless otherwise indicated. *See* Dkt. Nos. 39, 49.

6 F.4th 891, 899 (9th Cir. 2021) (emphasis added).

As the Ninth Circuit has made clear, courts "[go] off the statutory track" by "failing to give effect to the presumption" that the party with the largest financial interest is the most adequate. *In re Cavanaugh*, 306 F.3d 726, 731 (9th Cir. 2002). To assess whether the presumption has been rebutted, the Ninth Circuit mandates that courts focus on two questions: (1) do the movant and its "counsel have any conflicts of interest with other class members" and (2) will the movant and its "counsel prosecute the action vigorously on behalf of the class?" *In re Mersho*, 6 F.4th at 899-900. The presumption can only be rebutted by actual "evidence"; "misgivings" will not suffice. *Id.* at 901-02 (vacating lead plaintiff order appointing another party because of "misgivings" about the movant with the largest financial interest).

Here, Bethlehem/CIM have not adduced a shred of evidence of any conflict between the Kalmanson Family and other class members, and provide no evidence even remotely suggesting that the Kalmanson Family and its counsel will not zealously represent the Class. *Cf.* Dkt. No. 40-4 at ¶12 (Kalmanson Family attesting that it will prosecute this action in "an independent and vigorous manner."). Instead, Bethlehem/CIM invite the Court to ignore the required analysis in favor of a comparison of whether a sanction imposed against Bethlehem/CIM's counsel is more or less significant than a potshot it raised about Kalmanson Family's counsel, or whether Bethlehem/CIM's California counsel's lack of appearance on the record in a case was similar to or different than that which occurred at a lead plaintiff hearing in a 2021 case involving *GoodRx*. *See generally* Dkt. No. 65. This has no relevance whatsoever to the issues at hand.

## II. Bethlehem/CIM Raises No Colorable Basis for a Sur-Reply

Sur-replies "are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Arellano v. Jones*, No. 3:20-cv-00228-RBM-LR, 2023 WL 6167139, at *1 (S.D. Cal. Sep. 21, 2023) (citations and quotation marks omitted). They are especially improper where, as here, a proposed sur-

reply provides content that "is unnecessary for the Court to properly resolve the motion" at hand. *D.D. v. United States*, No. 5:22-cv-00061-KK-JC, 2024 WL 2010229, at *13 (C.D. Cal. Jan. 22, 2024) (citations and quotation marks omitted). While "the Court may in its discretion allow the filing of a surreply, this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Id.* (citation and quotation marks omitted).

Bethlehem/CIM do not identify any material necessary for the Court to determine whether or not the presumption of Kalmanson Family's adequacy has been rebutted. Nor do they point to any new arguments raised in Kalmanson Family's reply brief. Significantly, arguments in a reply brief that are "responsive to points raised in [an] opposition" are ***not*** "new arguments" for purposes of assessing the need for a sur-reply. *Coronis Health RCM LLC v. Nextgen Labs., Inc.*, No. 8:23-cv-00111-FWS-DFM, 2023 WL 6783328, at *1 (C.D. Cal. June 27, 2023) (quoting *Sanchez v. Cnty. of San Bernardino*, 2014 WL 12734756, at *4 (C.D. Cal. Mar. 10, 2014)).

That is the posture here. The two reply brief references to other cases involving Bethlehem/CIM's counsel were provided solely to respond to and provide context to arguments made by Bethlehem/CIM in its opposition brief.[2] They serve no other purpose. *See In re Cavanaugh*, 306 F.3d at 732 (explaining that adequacy is not comparative and whether a court "believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status…").

### III.   Conclusion

For all of these reasons, the Kalmanson Family respectfully requests that the Court deny Bethlehem/CIM's *ex parte* motion for leave to file a sur-reply.

---

[2] To the extent the Court finds such context unnecessary, the proper remedy is to disregard the references, not to disregard the required statutory method for selecting lead plaintiff as Bethlehem/CIM urges.

Dated:  July 15, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (917) 463-1044
jpafiti@pomlaw.com

Joshua B. Silverman (admitted *pro hac vice)*
10 S. LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
jbsilverman@pomlaw.com

*Counsel for Movant the Kalmanson Family and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Movant the Kalmanson Family*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

<u>CERTIFICATE OF WORD COUNT</u>

The undersigned, counsel of record for the Kalmanson Family, certifies that this brief contains 1,058 words, which complies with the word limit of L.R. 11-6.1.

Executed on July 15, 2024.


*/s/ Jennifer Pafiti*
Jennifer Pafiti