UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE BARSULI, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>GOODRX HOLDINGS, INC., DOUGLAS HIRSCH, TREVOR BEZDEK, and KARSTEN VOERMANN,<br><br>                    Defendants. | Case No. 2:24-cv-03282 AB-AJR<br><br>**ORDER DENYING CITY OF BETHLEHEM, AS TRUSTEE OF THE CITY OF BETHLEHEM PENSION FUND, AND CENTER FOR INTERVENTIONAL MEDICINE, LLC's *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY** |

Before the Court is Proposed Lead Plaintiff City of Bethlehem, as Trustee of the City of Bethlehem Pension Fund, ("Bethlehem") and Center For Interventional Medicine, LLC's ("CIM") *Ex Parte* Application ("Application," Dkt. No. 65) for leave to file a sur-reply in response to Proposed Lead Plaintiff Kalmanson Family's ("Kalmanson Family") Reply (Dkt. No. 62, "the Kalmanson Family Reply"). Kalmanson Family filed an Opposition (Dkt. No. 66). For the following reasons, the Court **DENIES** the Application.

The noticed motion procedure employed in this Court is important. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). It ensures that the parties, and the Court, have sufficient time to thoroughly address the

issues. *Id.* Because noticed motion procedures are so critical, an applicant for *ex parte* relief must make two preliminary showings before a court addresses the substance of the application. *Id.* at 492. First, the applicant must show that it will be irreparably prejudiced if its application is heard under regular noticed motion procedures. *Id.* Second, the applicant must establish that it is without fault in creating the urgency that necessitates ex parte relief, or that the urgency was a result of excusable neglect. *Id.*

Motions for leave to file a sur-reply are generally viewed with disfavor. *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016).  "However, district courts have the discretion to either permit or preclude a surreply." *Coronis Health RCM LLC v. NextGen Lab'ys, Inc.*, No. 8:23-cv-00111-FWS-DFM, 2023 WL 6783328, at *1 (C.D. Cal. June 27, 2023) (quoting *Garcia*, 195 F. Supp. 3d. at 1134). A new argument or new evidence in a reply brief could be a valid reason for such additional briefing. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

The Application seeks leave from the Court to file a sur-reply to permit Bethlehem and CIM to respond to "new arguments" raised in the Kalmanson Family Reply "necessitating a sur-reply." *See* App. at 3. The Application contends that the Kalmanson Family Reply raises the following two "new" arguments: (1) the Kalmanson Family Reply cites to the case *In re BankAtlantic Bancorp, Inc. Securities Litigation*, 851 F. Supp. 2d 1299, 1313-14, 1324 (S.D. Fla. 2011) in an attempt "to equate their 'failure' to oversee their counsel in an earlier case against GoodRx (*GoodRx I*) with a … case that does not involve the Proposed Lead Plaintiff (Bethlehem and CIM) herein and is from a different circuit;" and (2) the Kalmanson Family Reply asserts that "Bethlehem and CIM failed to apprise the Court as to 'what actually happened' with respect to Judge Carter's … comments about the conduct of the Kalmanson Family's counsel in *GoodRx I*, and the Kalmanson Family further 'incorrectly' claimed that Bethlehem and CIM's counsel (Kessler Topaz) engaged in similar conduct in *In re SVB Financial Group Securities Litigation*, No. 3:23-cv-01097-JD (N.D. Cal.)." *See id.* at 4. Bethlehem and CIM argue that the Kalmanson

Family's "introduction of arguments based on *BankAtlantic* and *SVB* for the first time in the Kalmanson Family Reply constitutes new arguments and evidence that necessitates the filing of a brief sur-reply by Bethlehem and CIM to provide the Court with a full and accurate record." *See id.*

The Court finds that Bethlehem and CIM will not be irreparably prejudiced if the Court declines their request to file a sur-reply. *Cf. Mission Power*, 883 F. Supp. at 492. In the Court's view, the purported "new" arguments in the Kalmanson Family Reply are simply responses to Bethlehem and CIM's Opposition, not new legal issues or new evidence. Thus, there is no valid reason for the Court to exercise its discretion to permit additional briefing. *See Garcia*, 195 F. Supp. 3d at 1134. Accordingly, the Court **DENIES** the Application.

**IT IS SO ORDERED.**

Dated: July 22, 2024

_____

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

3