**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff and the Class*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE BARSULI, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GOODRX HOLDINGS, INC., DOUGLAS HIRSCH, TREVOR BEZDEK, and KARSTEN VOERMANN, <br><br> Defendants. | Case No. 2:24-cv-03282-AB-AJR <br><br> **LEAD PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL** <br><br> Date: February 28, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 7B <br> Judge: Hon. André Birotte, Jr. |

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' RJN
Case No. 2:24-cv-03282-AB-AJR

Betty Kalmanson, Lawrence Kalmanson, and Shawn Kalmanson (collectively, "Kalmanson Family" or "Lead Plaintiff") respectfully submit this Opposition to the Request for Judicial Notice to Dismiss Amended Class Action Complaint ("RJN") filed by Defendants GoodRx Holdings, Inc. ("GoodRx" or the "Company"), Douglas Hirsch, Trevor Bezdek, and Karsten Voermann.

Even under the heightened pleading standards of the Private Securities Litigation Reform Act ("PSLRA"), courts must accept all allegations in the complaint as true and draw all inferences in plaintiffs' favor *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Critically, "it is improper to judicially notice" documents "when the substance of the" document "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000 (9th Cir. 2018) (internal quotation marks omitted). The Ninth Circuit has emphasized that "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999.

Defendants' attempt to create factual disputes and impermissibly notice the truth of statements not referenced in the Amended Class Action Complaint ("Complaint") is especially egregious in Exhibits 7, 8, 9, 10, and 11, which are all analyst reports. *See* ECF Nos. 77-9, 77-10, 77-11, 77-12, 77-13. Defendants provide a quotation and page-long string citation about how courts can judicially notice analyst reports, *see* RJN at 7-8, but fail to explain which facts within the analyst reports they believe are the proper subject of judicial notice. The cases, however, do not support notice here.

To start, some are factually distinguishable from the situation presented in this case. In *In re Sorrento Therapeutics, Inc. Sec. Litig.*, the court specifically noted that it was considering *short seller reports* (not analyst reports) and was doing so because the plaintiff "relie[d] heavily on the Short Seller Reports in its [complaint]." No. 20-cv-00966-AJB-DEB, 2021 WL 6062943, at *4 (S.D. Cal. Nov. 18, 2021). The analyst reports at issue here, however, were not mentioned in the Complaint. In *Waterford*

*Township Police v. Mattel, Inc.*, the court took judicial notice of "industry analyst reports that were referenced in statements made during [defendants'] earnings call." 321 F. Supp. 3d 1133, 1144 (C.D. Cal. 2018).  In contrast, the analyst reports that Defendants are trying to introduce here were not discussed during any of the earnings calls or any other event during which Defendants are alleged to have made misleading statements.  In *Plumbers & Steamfitters Local 60 Pension Tr. v. Meta Platforms, Inc.*, currently on appeal, the court noted that the analyst reports at issue were extensively referenced in the complaint.  No. 4:22-cv-01470-YGR, 2024 WL 4251896, at *9 (N.D. Cal. Sept. 17, 2024).  Here, they were not.  In *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, the court noted that "Plaintiff has not objected to defendants' request."  No. 3:19-cv-04744-WHA, 2020 WL 2559939, at *8 (N.D. Cal. May 20, 2020).  Here, Lead Plaintiff objects to Defendants' improper judicial notice request.

In addition, the cases cited by Defendants stressed that these kinds of documents cannot be considered for the truth of the matters asserted in the documents.  *See, e.g.*, *In re Sorrento Therapeutics, Inc. Sec. Litig.*, No. 20-cv-00966-AJB-DEB, 2021 WL 6062943, at *4 (S.D. Cal. Nov. 18, 2021) (noting that the court was not considering the reports for "the truth of the matters asserted therein"); *Waterford Township Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1144 (C.D. Cal. 2018) (also noting that "it would be improper to take judicial notice of these documents for the truth of the matters discussed therein at this stage in the litigation"); *In re Apple Inc. Sec. Litig.*, No. 19-cv-02033-YGR, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020) (noting that "'a court cannot take judicial notice of disputed facts contained in' judicially noticed documents" and denying motion to dismiss in part); *Sneed v. AcelRx Pharma., Inc.*, No. 21-cv-04353, 2024 WL 2059121, at *4 (N.D. Cal. May 7, 2024) ("The Court does not take notice of the truth of any of the facts asserted in these documents."), *appeal docketed*, No. 24-3560 (9th Cir. June 6, 2024).

But Defendants here offer these analyst reports for the truth of the matters described therein.  As the Ninth Circuit instructs, "it is improper to assume the truth of

an incorporated document" where, as here, such assumptions "serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003.  For example, Defendants offer analyst reports to argue the truth of certain cherry-picked statements in those reports about Kroger.  Mot. at 7-8 (citing Exs. 9, 10, 11).  Similarly, Defendants ask the Court to take judicial notice of the truth of certain analyst statements suggesting that those analysts at least knew that the Company did not contract directly with retail pharmacies.  Mot. 4-5 (citing Exs. 7, 8), 11 (same).  These reports, offered solely for the truth of isolated statements contained therein, will not stand up to scrutiny at the merits stage—none show market understanding that GoodRx had not secured pharmacy acceptance of codes, and none show market understanding that GoodRx was particularly vulnerable to Kroger.  They should not be subject to judicial notice.  *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp.3d 1275, 1282-83 (C.D. Cal. 2016) (declining to take judicial notice of analyst reports purportedly offered "to demonstrate the information publicly available and known to the market.").

Defendants offer the Company's historical stock data in Exhibit 6, *see* ECF No. 77-8, to present a factual dispute over loss causation.  *See* Mot. at 9, 24.  While Lead Plaintiff recognizes that historical stock price data is often permitted, Lead Plaintiff opposes the request for judicial notice to the extent Defendants offer this data not for the price itself but as part of an improper alternate causation theory attempting to undermine well-pleaded loss causation allegations,  *See Rabkin v. Lion Biotechs., Inc.*, No. 17-cv-02086-SI, 2018 WL 905862, at *16 (N.D. Cal. Feb. 15, 2018) ("Whether the stock drop was [instead] due to other factors is a factual inquiry better suited for determination on summary judgment or trial, rather than at the pleading stage.").

Finally, with respect to Exhibits 1 through 5, Lead Plaintiff does not oppose Defendants' request, but emphasizes that notice can extend only to what the documents say, not whether or not the facts asserted are true.  *See Khoja*, 899 F.3d at 1014 ("Although incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents, we reiterate that it is improper to do so only

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' RJN

to resolve factual disputes against the plaintiff's well-pled allegations in the complaint. The incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage.").   *Khoja*'s warning is particularly appropriate here, where the Complaint alleges that the proffered documents were themselves misleading.  Compl. ¶¶55-60 (explaining misleading statements in Exhibit 1), ¶95 (alleging that "[t]o stem a further decline in stock price, and to maintain a portion of the artificial inflation previously enjoyed, Defendants decided not to disclose the full scope of the problem" during the earnings call on May 9, 2022), ¶96 (alleging "Defendant Bezdek sought to reassure investors and limit the stock drop by stating that 'the grocer issue ha[d] been addressed'" during an earnings call on August 8, 2022); *see also Garcia v. J2 Global, Inc.*, No. 2:20-cv-06096-FLA (MAAx), 2021 WL 1558331, at *7 (C.D. Cal. Mar. 5, 2021) ("If the content of the document is subject to varying interpretations, then there is no fact not subject to reasonable dispute, and the fact does not qualify for judicial notice." (internal quotation marks omitted)).

*          *          *

For the foregoing reasons, Lead Plaintiff respectfully requests the Court deny in part the Request for Judicial Notice.

Dated: January 10, 2024

Respectfully submitted,

By: */s/ Joshua B. Silverman*

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

Joshua B. Silverman (admitted *pro hac vice*)
Diego J. Martinez-Krippner (*pro hac vice* application forthcoming)
10 S. LaSalle Street, Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181
jbsilverman@pomlaw.com
dmartinezk@pomlaw.com

*Counsel for Lead Plaintiff and Lead Counsel for the Proposed Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

Peretz Bronstein
(*pro hac vice* application forthcoming)
Eitan Kimelman
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com
eitank@bgandg.com

*Additional Counsel for Lead Plaintiff*